Judge Ewing
delivered the Opinion of the Court.
a re-This case was heretofore before this Court, and port of it will he found in 1 Dana, 170.
Upon the return of the cause to the Circuit Court, after an interlocutory decree was rendered, William B. Cook, a non-resident defendant, who had been proceeded *574 against by publication, appeared and exhibited his answer, and moved the Court to set aside the interlocutory decree, and permit him to file the same. The Court overruled his motion, and refused leave to file his answer.
Where improvements are made upon land, by a bona fide occupant,who, losing the land, is refo^the^en^and profits — the esshopld b/ made -with reference to the land at the time when the occupant entered upon it; he is not t.o pay rent for improvements he has made him-he can only get pay according to then-deteriorated value.
We cannot perceive upon what ground the Court refused him this privilege.
He was the vendee of the devisee, B. C. Spiller, of all the land in controversy, and was the vendor, with general warranty, mediately or immediately, to all the other defendants, and was therefore deeply interested in the result of the suit. And though it was not necessary for the complainant to have made him a defendant, as he had conveyed the legal title to the other defendants, who were in possession, and to whom alone the complainant was bound to look in the prosecution of his suit, yet as he had made him a defendant, and proceeded against him as a non-resident, and as the decree, against him, would conclude him, it was competent for him to appear at any time within seven years, even after a' final decree, and ask the Court to open the decree, and permit him to file his answer. Much more while the cause was in fieri, and under the immediate control of the Court, should he have been indulged in this privilege.
Commissioners were sent out, under the directions of . . ,, . the interlocutory decree, to lay on and allot to the comp]ainant his part, and to assess the value of the improve-1 1 7 4 L ments, rents, deterioration of soil and waste — who disc^arSe(^ this duty, and made their report to the Court, A motion was made to set it aside, for various errors on its face, which was overruled by the Court, and the report received and confirmed; to which opinion of the Court, there is an exception.
It is perceived, on the slightest examination, that the , , A ,, . . . ,, report has not conformed to the directions given m the former opinion of this Court, in letter or in spirit, 1 71
It is clear, that this Court did not contemplate a charge ^01’ rent to t>e made against any of the defendants upon the improvements made by themselves! Those improve- , , , , _ . . ments were made under the perfect assurance, that they *575 were making them upon their own fee simple estates, and that the emblements reaped from them, were their own, the fruits of their own labor. Hence, they direct, in the opinion, an allowance for improvements to be made, “subject to a deduction of a reasonable rent for the occupancy of his share whilst in the possession of the defendants, according to the assessed value of the rent, if any thing, provided the land had remained in the situation it was, when the defendants took possession.” And again they say, in the concluding paragraph of the opinion — “If the occupancy of the land in the state it was at the time possession was taken, would have been worth nothing, of course nothing will be allowed for rents.”
An occupantentitled to pay for the improvements which he found onthe land when he entered, as well as those which he made himself— subject, however, to a deduction for any waste fyc that may have happened during his occupancy.
Improvements not at the cost, or their value when new, but at what they are worth when the valuation is made; the difference In the present price of the land, with them, and without them, is the true sum of their value'.
It is clear, according to the letter and spirit of the opinion, that the defendants or any of them, are not chargeable with rent upon the improvements made by themselves, but only upon the improvements which existed upon the premises before Cook took possession.
There is an error equally glaring in the assesment of the value of the improvements. No assessment is made of the improvements which existed on the land when Cook purchased.
We think the defendants are as much entitled to compensation for these improvements, as those which were made by their own labor. They purchased and paid for the former, in the enhanced price which they gave for the land; and they as much tend to enhance the value of the land; and if such improvements, in the division, fall to the complainant, he should pay for them also— unless they existed upon the land at the time when his right by descent accrued, and then, if they add value to his share, they should be taken into the estimate, in reducing his quantity proportionably. But from the value of the improvements, there should be a deduction made for waste, or deterioration of soil, if any, which the land allotted to the complainant may have suffered, whilst in the use and occupancy of the defendants.
But the basis adopted by the report, in the valuation of the improvements, is manifestly incorrect. It seems *576 that the commissioners have assessed them at their valué at the lime when made.
It is manifest, that the former opinion intended only that an allowance should be made for the improvements according to the enhanced value which they added to the share which was allotted to the complainant, over and above the value of the share without the improvements. For example, if the share without the improvements is worth one thousand dollars, and with the improvements, is worth fifteen hundred dollars, five hundred dollars should be allowed. As the improvements may have been more or less worn out in the use of the defendants, and as they are not made to pay rent, this rule seems to have been adopted by the Court to do equal justice to the parties.
It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and the cause remanded that the report of the commissioners be quashed, the answer of Cook received, and other proceedings had not inconsistent with this opinion.