SECURITY TRUST COMPANY OF ROCHESTER, NEW YORK, TRUSTEE, ET AL. *v.* MYHAN.

[No. 22,761. Filed December 12, 1916. Rehearing denied June 8, 1917.]

1. APPEAL.—*Parties.—Appellees.—Recitals in Record.—*An entry not in the judgment proper but immediately preceding it, reciting that judgment was rendered "against the defendants and for the plaintiff," does not conclusively determine that certain defendants not appealing were not coparties in interest and that they need not be joined· as appellees. p. 393.

2. APPEAL.—*Parties.—Appellees.—Recitals in Judgment.—Construction.—*The relation which a party bears to a judicial decree is not determined necessarily by the phraseology used therein, but by the effect of that decree on his interests, and, if he is interested in having such judgment or decree sustained on appeal, he must be named therein as appellee. p. 393.

3. WILLS.—*Setting Aside Probate.—Appeal.—Parties.—Determination of Interest.—*The court must determine from the record whether parties omitted from the appeal would ultimately gain or lose by reason of the judgment below, and where the record in an action to set aside a will, shows that beneficiaries who were also heirs of testatrix, were originally named as defendants and defaulted, but subsequently appeared by counsel and filed answers admitting the allegations of the complaint, and thereafter aided plaintiff, their position was clearly adverse to other defendants seeking to sustain the will and they should have been named on appeal as parties appellee, the taking of default against them not in any way affecting their position, since the default was extinguished by their appearance and the filing of answers. pp. 394, 395.

4. WILLS.— *Probate.— Setting Aside.— Appeal.— Parties.—Dismissal.—*A party personally served and defaulted can appear only for the purpose of having the default set aside or of contesting the amount of the damages assessed against him, but parties constructively served may, under §§627, 628 Burns 1914, §§600, 601 R. S. 1881, at any time within five years after rendition of judgment against them, have the same opened and be allowed to defend, on the serving of certain notices, so that, when non-

resident defendants, served by publication, against whom default was entered in a proceeding to set aside a will, subsequently appeared while the cause was *in fieri* and filed answers, such action operated to set aside the default, and, as such parties thereafter joined the plaintiff in her action, they must be joined as parties appellee in an appeal from a judgment setting aside the probate of the will and declaring it null and void or the appeal will be dismissed for lack of jurisdiction over the parties. pp. 394, 396.

From Marion Probate Court (758) ; *Mahlon E. Bash,* Judge.

Action by Anna Myhan against the Security Trust Company of Rochester, New York, Trustee and others. From a judgment for plaintiff, the defendant named and others appeal. *Appeal dismissed.*

*Miller & Dowling* and *Bachelder & Bachelder,* for appellants.

*Walker & Hollett,* for appellee.

SPENCER, J.—Appellee instituted this action against appellants and others for the purpose of setting aside the probate of the last will and testament of Catherine Farley, deceased, together with a codicil thereto, and to have, each instrument declared null and void on the statutory grounds. Among those named as parties defendant to appellee's complaint were Martha B. Schwable, Ida E. Schwable McDonald and Laura M. Schwable, who were nieces of the testatrix and beneficiaries under the codicil. All of the defendants to the action are nonresidents of the State of Indiana and service was had on them by publication. At the time proof of publication was made appellee moved for a default as against certain of the defendants, including the three above named, and such default was regularly entered of record. Subsequently and before the trial, however, the two Schwables and Mrs. McDonald appeared to the action and, without objection, filed an answer in which they admitted in full the allegations

of appellee's complaint.   Trial was had and a verdict reached which declared invalid each of the instruments in suit and on which a judgment was rendered in accordance with the following entry:

> "And now the court upon its own motion renders judgment on the verdict of the jury, against the defendants and for the plaintiff.
>
> It is therefore adjudged and decreed by the court that the instruments of writing heretofore probated as the last will and testament, with codicil thereto, of Catherine Farley, deceased, and the probate thereof, be, and are now set aside and declared null and void, and said instruments held for naught.
>
> It is further adjudged and decreed by the court that the costs herein be taxed against the estate of Catherine Farley, deceased."

The defendants Security Trust Company, Trustee, William R. Taylor, Executor, and Trustees of the Brick Church in Rochester subsequently filed a motion for a new trial, which was overruled and this appeal taken. The plaintiff alone is named as party appellee in this court and she has filed a motion to dismiss the appeal on the ground, among others, that the two Schwables and Mrs. McDonald are coparties in interest with her in the judgment below and should have been named as appellees on appeal in order to give this court jurisdiction of the proceeding.

Appellants assert that as judgment was rendered "against the defendants and for the plaintiff," the persons above named were coparties with appellants

1. to said judgment and need not be included in the assignment of errors in this, a term-time appeal. It must be noted, however, that the record state-

2. ment relied on is not a part of the judgment proper but of the entry which precedes such judgment.   Furthermore, the relation which a party bears to a judicial decree is not determined necessarily by

the phraseology used therein, but by the effect of that decree on his interests.   If he is interested in having such judgment or decree sustained on appeal, he becomes, in effect, a defendant in the appellate tribunal and must there be named as an appellee.   3 C. J. 1014, §970, and cases cited.

We concede appellants' position that this court may not speculate as to whether certain omitted parties would ultimately gain or lose by reason of the judgment below, but it can and must determine that fact as it appears of record.   We have already noted that the Schwables and Mrs. McDonald, although named originally as defendants, entered an appearance by counsel and filed an answer in which they admitted the allegations of appellee's complaint. The record further shows that they are heirs at law of the deceased; that Martha B. Schwable testified at the trial as a witness for appellee; and that one of their attorneys represented appellee in the taking of depositions at Rochester, New York.   Their position at the trial was clearly adverse to that of appellants and in harmony with that of appellee, and, unless that position was affected by the taking of a default against them, they should have been named as appellees on appeal.

The rule is well settled that where *personal* service is had on a defendant and he is defaulted, he has no standing in the trial court except for the purpose of having the default set aside or of contesting the amount of damages assessed against him, if any.   *Fisk* v. *Baker* (1874), 47 Ind. 534, 546; *Marion, etc., R. Co.* v. *Lomax* (1856), 7 Ind. 406.   But it is equally well settled that when the service of process is constructive only, as by publication, it has much less force as an admission, and stricter and more complete proof is required of the plaintiff to obtain judg-

ment. 23 Cyc 753, and cases there cited. Furthermore, it is provided by statute that: "Parties against whom a judgment has been rendered without other notice than the publication in the newspaper herein required, except in cases of divorce, may, at any time within five years after the rendition of the judgment, have the same opened, and be allowed to defend," on the giving of certain notices. §§627, 628 Burns 1914, §§600, 601 R. S. 1881.

The policy of the law is to foster the just and speedy settlement of litigation and to that end it will encourage the adoption of rules of practice and procedure which make for an early and complete disposition of every controversy. Provision has been made for acquiring jurisdiction over nonresident defendants in order that a cause may be heard and determined in all its parts, but as against defendants who are served only with constructive process, the judgment does not become in all things final until after five years. To obviate this uncertainty as to the effect of a judicial decree, the right should be accorded to a nonresident defendant to appear and file answer at any time while the cause remains *in fieri,* and such action on his part will operate in itself to set aside the entry of the formal default. *Haskins* v. *Spiller* (1835), 33 Ky. (3 Dana) 573. This rule is applicable whether the proceed-

3. ing is *in rem* or *in personam,* and, as applied to this case, serves to extinguish the default entered against Martha B. Schwable, Laura M. Schwable and Ida E. Schwable McDonald at the time proof of publication was made.

Appellants' further reference to a subsequent default entered in the case and to a stipulation of counsel which was offered in evidence at the trial need not receive extended consideration for the reason that they do not

affect all of the parties just named and the omission of any one from the assignment of errors is fatal.

This court does not have jurisdiction over all 4. of the parties to the judgment below and appellee's motion to dismiss the appeal must therefore be sustained.  Appeal dismissed.

NOTE.—Reported in 114 N. E. 410.  See under (2) 2 Cyc 764; 3 C. J. 1014.