GRAY ET UX. *v.* GRAY ET AL.

[No. 27,857. Filed April 1, 1943.]

*Sevald & Sevald* and *Oscar B. Thiel,* all of Hammond, for appellants.

*Mark L. Thompson,* of Lafayette, for appellees.

SHAKE, J.—In 1935 the appellee William C. Gray, as administrator of the estate of Catherine C. Gray, deceased, filed in the court having jurisdiction of the administration of said estate, a proceeding to sell real estate to provide funds to pay debts. Upon a showing that the appellants owned an interest in such real estate and that they were nonresidents of the State, the court ordered notice to be given them by publication. When proof of such publication was made, the appellants defaulted and said real estate was afterwards sold by the administrator pursuant to the order of the court.

Within five (5) years, but more than three (3) years after the entry of the order of sale, the appellants filed a petition and answer in the same court, alleging that they had received no actual notice of the proceedings during the pendency thereof and asking to be permitted to defend as a matter of right, under §§ 2-2601 and 2-2602, Burns' 1933, §§ 413 and 414, Baldwin's 1934. The petition was denied and the sole question presented by this appeal is whether such a proceeding is maintainable under the above sections of the statute.

The provisions upon which appellants rely are §§ 64 and 65 of the civil practice code of 1881. Acts 1881 (Spec. Sess.), ch. 38, p. 240, §§ 2-2601 and 2-2602, Burns' 1933, §§ 413 and 414, Baldwin's 1934. The same session of the general assembly adopted a probate code, § 177 of which authorizes persons interested in decedents' estates, and who were not summoned and did not appear at the final settlement, to maintain actions to reopen the proceedings, in proper cases, within three (3) years after such final settlement. Acts 1881 (Spec. Sess.), ch. 45, p. 423, § 6-1424, Burns' 1933, § 3220, Baldwin's 1934.

The probate jurisdiction conferred upon circuit courts is separate and distinct from their general juris-

diction in civil causes; and the methods of proceeding in the exercise of such probate jurisdiction are equally separate and distinct from those prescribed by the code of civil procedure in ordinary civil causes. *Noble* v. *McGinnis* (1877), 55 Ind. 528. It is only where the probate code does not provide an adequate or complete mode of procedure, that it is proper to resort to the rules of pleading and practice applicable to civil actions. *Scherer* v. *Ingerman* (1887), 110 Ind. 428, 11 N. E. 8, 12 N. E. 304.

In view of the fact that § 6-1424, Burns' 1933, § 3220, Baldwin's 1934, provided the appellants with a full and efficient method of reopening the estate for three (3) years after final settlement for an illegality, fraud or mistake, we are of the opinion that the remedy therein prescribed was exclusive and that §§ 2-2601 and 2-2602, Burns' 1933, are not available for the relief sought.

The case of *Security Trust Co.* v. *Myhan* (1917), 186 Ind. 391, 114 N. E. 410, was an action to set aside the probate of a will, in which a part of the defendants had only constructive notice of the proceeding and were defaulted. A motion for a new trial was denied, followed by an attempted appeal, which this court dismissed on account of a defect of parties. There is dicta to the effect that the nonresident defendants had a right to have their default set aside under the same statute upon which the appellants here rely; but it is sufficient to say that an action to set aside an order to sell real estate to pay debts may be distinguished from a will contest. The former grows out of the settlement of a decedent's estate, while the latter does not.

The judgment is affirmed.

NOTE.—Reported in 47 N. E. (2d) 610.