In the Matter of the Unsupervised Administration of the ESTATE OF Harold C. RAWLINGS, Deceased

Mary A. RAWLINGS, Appellant (Respondent Below),

v.

Lillian N. RAWLINGS, Personal Representative of the Estate of Harold C. Rawlings, Deceased, Appellee (Petitioner Below).

No. 1–383A96.

Court of Appeals of Indiana, First District.

Aug. 2, 1983.

Thomas M. Dattilo, Madison, Frank E. Spencer, Indianapolis, for appellant.

Harold E. Ford, Donald R. Bear, Madison, for appellee.

ROBERTSON, Presiding Judge.

Mary A. Rawlings, appellant-petitioner, filed untimely objections to the administration of Harold C. Rawlings's estate by Lillian N. Rawlings, the personal representative. These objections sought a judicial determination of title to stock which was in Harold's estate and alleged that Lillian had improperly transferred the stock to herself, thereby ignoring Mary's interests. The trial court dismissed the objections with prejudice because they were not filed until after the trial court entered its order approving the personal representative's verified closing statement for the estate. The trial court's order reads:

ORDER DISMISSING OBJECTIONS

Comes now the petitioner, Lillian M. Rawlings, by her attorneys, Donald R. Bear and Harold E. Ford, and comes now the objector, Mary A. Rawlings, by her attorney, Thomas M. Dattilo and this matter having heretofore been taken under advisement and the Court now being duly advised finds that said objections heretofore filed were filed after the order

approving the personal representative's verified closing statement was entered by this Court on the 19th day of July, 1982, and therefore, were not timely filed and should be dismissed.

IT IS, THEREFORE, CONSIDERED, ORDERED, AND ADJUDGED BY THE COURT *that the objections be and they are now and hereby dismissed with prejudice against refiling the same, and the objector is denied any further relief.*

Dated at Madison, Indiana, this 29th day of October, 1982. (Emphasis added.)

Mary argues that the trial court erred by failing to limit its order to the estate proceedings and also argues that the dismissal might be considered as a final judgment on the issues raised in her objections; a potential application of *res judicata* which would bar her contemplated future action to recover the stock. Mary contends the trial court dismissed her objections based upon Ind.Code 29–1–14–21 which states:

Sec. 21. When any person claims any interest in any property in the possession of the personal representative adverse to the estate, he may file, prior to the expiration of five (5) months after the date of the first published notice to creditors, a petition with the court having jurisdiction of the estate setting out 'the facts concerning such interest, and thereupon the court shall cause such notice to be given to such parties as it deems proper, and the case shall be set for trial and tried as in ordinary civil actions.

Relying on *Matter Estate of Williams,* (1980) Ind.App., 398 N.E.2d 1368, she claims section 21 is permissive and allows disputes to be litigated within estate proceedings, but does not bar independent actions to resolve the same disputes.

We fail to find a justiciable issue in Mary's appeal. The trial court's decision is necessarily limited to issues raised before it. *See, e.g., Brademas v. Hartwig,* (1977) 175 Ind.App. 4, 369 N.E.2d 954. This is a simple statement of the law, not an interpretation of the trial court's judgment because there has been no attempt to give it an overly broad application. In regard to whether dismissal of Mary's objections may operate as a bar to another action concerning the stock based upon the doctrine of *res judicata,* we think she is actually seeking a prospective and premature determination of what issues were conclusively litigated in the probate proceeding. We do not render advisory opinions. *City of Evansville v. Grissom,* (1976) 169 Ind.App. 467, 349 N.E.2d 207. Mary would first have to file her claim and have an adverse judgment rendered on it, based upon *res judicata,* before the issue would be appropriate for our review.

Finding no issues for our review, this appeal is dismissed.

RATLIFF and NEAL, JJ., concur.