**COMMUNITY HOSPITALS OF INDIANA, INC., Appellant–Defendant,**

v.

**ESTATE OF Ronnie G. NORTH, Deceased, Appellee–Plaintiff.**

No. 30A01–9508–CV–256.

Court of Appeals of Indiana.

Feb. 26, 1996.

---

J. Gregory Garrison, Garrison & Kiefer, Indianapolis, Phyllis J. Garrison, Indianapolis, Raymond S. Robak, Robak & Murphy, Greenfield, for Appellant.

Gregg H. Morelock, Cohen & Morelock, Greenfield, Eric N. Allen, Greenfield, Indianapolis, Michael Tosick, Greenfield, Steven H. Frank, Indianapolis, Bonnie K. Wooten, Greenfield, for Appellee.

## OPINION

ROBERTSON, Judge.

Community Hospitals of Indiana, Inc., filed a claim against the Estate of Ronnie G. North for medical supplies and services it had provided to the decedent before his death. The Estate denied the claim and filed a counterclaim against Community Hospitals on behalf of the Estate and others similarly situated. In response to the counterclaim, Community Hospitals filed a motion to dismiss and for judgment on the pleadings. The trial court denied the motion, and Community Hospitals now brings this interlocutory appeal. Community Hospitals presents the following issues:

I. Does an Indiana Circuit Court, sitting in probate, lack jurisdiction to adjudicate a claim for relief against a third person?

II. Does a personal representative lack authority to serve as a representative plaintiff in a class action seeking to assert property rights over property which is not property of the Estate?

III. Does the counterclaim of an Estate against the hospital fail to state a claim for relief when neither the decedent in his lifetime, nor the Estate, has paid any sum whatever to the hospital and therefore has suffered no loss?

IV. Does the Uniform Commercial Code, which pertains only to the sale of goods as defined therein, apply to the delivery of medical services?

We affirm.

After it had denied Community Hospitals' claim, the Estate, through its personal representative, filed a counterclaim in which it sought damages for excessive and unreasonable charges for laboratory tests, medical supplies, nonprescription medication, prescription medication, and personal supplies. The Estate pursued the matter as a class action so as to include all patients of Community Hospitals whom it had billed for those supplies and services over the previous twelve years.

■ Community Hospitals now appeals the denial of its motion to dismiss and for judgment on the pleadings. The motion addressed a lack of subject matter jurisdiction under Ind.Trial Rule 12(B)(1). The motion also addressed a failure to state a claim upon which relief could be granted and, in essence, a lack of jurisdiction over the case, under T.R. 12(B)(6). *See Browning v. Walters* (1993), Ind.App., 620 N.E.2d 28, 31. The parties acknowledge that the applicable standard under T.R. 12(B)(6) is that a claim cannot be dismissed unless it appears to a certainty that the complainant is not entitled to relief.

■ At the outset, we note that the question of whether the Estate may properly be certified as the representative of the proposed class is not before us for decision.

The Estate notes correctly that the trial court has not considered the question of class certification and that issues related to the proposed class were not before the trial court on the T.R. 12(B)(1) and 12(B)(6) motions now on appeal. A decision in this appeal on matters related to class certification would amount to a prospective and premature determination of those issues. This Court does not render advisory opinions. *See Matter of Estate of Rawlings* (1983), Ind.App., 451 N.E.2d 1121, 1122.

■ Community Hospitals claims the Hancock Circuit Court sat as a probate court in the present case and therefore lacked subject matter jurisdiction over the Estate's counterclaim. Community Hospitals contends that probate jurisdiction and proceedings are specific in nature and therefore are distinct from general, civil jurisdiction and proceedings. Community Hospitals argues that the specific nature of probate matters operates to the exclusion of general, civil matters. Community Hospitals also maintains that the Estate's counterclaim impermissibly (1) operates beyond the claim against the Estate, (2) attempts to include members of a class who are not part of the Estate, (3) includes a counterclaim for charges other than those for which Community Hospitals filed its claim against the Estate, (4) seeks relief for a violation of the Uniform Commercial Code, and (5) includes charges for class members who have paid Community Hospitals when (a) neither the decedent nor the Estate have paid Community Hospitals anything and (b) the charges are not a part of the "rem" of the Estate.

■ Jurisdiction over the subject matter is the power to hear and determine cases of the general class to which the proceedings then before the court belong. *Board of Trustees v. City of Fort Wayne* (1978), 268 Ind. 415, 423, 375 N.E.2d 1112, 1117 (quoting *Myers v. Sell* (1948), 226 Ind. 608, 81 N.E.2d 846). If a tribunal possesses the power to determine cases of the general class to which the particular case belongs, then it possesses subject matter jurisdiction to consider the particular case, absent specific and timely objections to the jurisdiction over the particular case. *Id.*

■ The probate jurisdiction conferred upon circuit courts is separate and distinct from their general jurisdiction in civil causes, and the methods of proceeding in the exercise of such probate jurisdiction are equally separate and distinct from those prescribed by the code of civil procedure in ordinary causes. *Gray v. Gray* (1943), 221 Ind. 311, 47 N.E.2d 610. It is only where the probate code does not provide an adequate and complete mode of procedure that it is proper to resort to the rules of pleading and practice applicable to civil actions. *Id.*

■ Nonetheless, the probate courts must also be considered courts of general jurisdiction. *Doe on the Demise of Hain v. Smith* (1849), 1 Ind. 451, 456 (Vermillion Circuit Court). They are courts of record and, by the act under which they were organized, in the exercise of the jurisdiction granted to them, are vested with the incidental powers of other courts of law and equity. *Id.*

■ One opinion states that probate courts have no common law jurisdiction. *Fidelity & Casualty Company v. State ex. rel. Anderson* (1933), 98 Ind.App. 485, 497, 184 N.E. 916, 921 (Vanderburgh Probate Court). The nature, extent, and exercise of their jurisdiction depends upon the terms and breadth of the constitutional or statutory grant; and they cannot exercise any powers other than those which have been expressly conferred or are necessarily implied from those expressly conferred. *Id.*

We note that, when the legislature has intended a particular court to have exclusive jurisdiction, it has said so. *State ex rel. Adams v. Hendricks Circuit Court* (1986), Ind., 497 N.E.2d 546, 548. Under Article 7, § 8, of the Constitution of this State:

> [t]he Circuit Courts shall have such civil and criminal jurisdiction as may be prescribed by law.

Pursuant to I.C. 33-4-4-3, the circuit court has original jurisdiction in all civil cases and

in all criminal cases, except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction.

Hancock Superior Court No. 1 and Hancock Superior Court No. 2 have the same jurisdiction as the Hancock Circuit Court. I.C. 33–5–23–5. Inasmuch as the legislature has not conferred probate jurisdiction, to the exclusion of the Hancock Circuit Court, upon any other court of the same territorial jurisdiction as that of the Hancock Circuit Court, the Hancock Circuit Court has subject matter jurisdiction over probate proceedings. *See Matter of Estate of Brown* (1992), Ind. App., 587 N.E.2d 686, 689 (Elkhart Superior Court, under I.C. 33–5–13.1–1, has the same subject matter jurisdiction over probate proceeding as Elkhart Circuit Court has under I.C. 33–4–4–3).

The court below had the power to hear and determine cases of the general class to which the proceedings then before the court belonged, that is, to hear and determine probate cases. The trial court therefore properly denied Community Hospitals' motion as it related to an alleged lack of subject matter jurisdiction.

■ In essence, however, Community Hospitals also based its motion to dismiss on an allegation that the probate court had no jurisdiction of the particular case before it because the power to be exercised in relation to the counterclaim extended beyond that properly exercised in a probate case. We therefore will address the issue of the trial court's jurisdiction of the particular case.

Indiana Code Chapter 29–1–14 provides a mechanism through which creditors may file claims against the estate of a decedent. Community Hospitals filed such a claim against the Estate in the present case. Under I.C. 29–1–14–12,

[w]hen any claim is transferred for trial, it shall not be necessary for the personal representative to plead any matter by way of answer, except a set-off or counterclaim, to which the plaintiff shall reply ...

Moreover, I.C. 29–1–14–13 states, in pertinent part:

The trial of such claims shall be conducted as in ordinary civil cases, and if the finding be for the claimant the court shall render judgment thereon against the personal representative for the amount thereof, and for costs, to be paid out of the assets of the Estate so administered ... If the finding be in favor of the personal representative upon a set-off or counterclaim, judgment shall be rendered thereon as in ordinary cases ...

The probate code provides an adequate and complete mode of procedure in the present case. Community Hospitals filed a claim against the Estate, and trial of that claim is to be "conducted as in ordinary civil cases." I.C. 29–1–14–13. As the claim had been transferred for trial, the statutes authorized the personal representative to plead a matter by way of counterclaim. I.C. 29–1–14–12. Any judgment in favor of the personal representative on that claim is to "be rendered thereon as in ordinary cases." I.C. 29–1–14–13. Thus, the probate code directs that the correct procedure under the circumstances is to resort to the rules of pleading and practice applicable in ordinary civil cases.

As noted, the Hancock Circuit Court had subject matter jurisdiction over the probate proceedings in the present case. Community Hospitals does not contend that the denial of its motion is, in any manner, inconsistent with correct procedures for pleading and practice for ordinary civil cases. In such cases, a party which seeks class certification is not limited to a complaint for its own charges or its own claim and clearly need not limit membership in the class to the party itself. Also, Community Hospitals has identified no authority which limits a party's ability to secure class certification for overcharges when the proposed class members have paid some of the charges and the party has paid none.

■ Community Hospitals claims the charges are not a part of the "rem" of the Estate. We agree that the administration of an estate is a single proceeding in rem. *Krick v. Farmers and Merchants Bank of*

*Boswell* (1972), 151 Ind.App. 7, 13–14, 279 N.E.2d 254, 258. During the course of the administrative proceeding, however, collateral proceedings may occur which are adversarial in nature and result in separate decisions finally adjudicating the rights of interested persons. *Id.* Again, under these circumstances, the probate code directs the probate court to the rules of pleading and practice applicable in ordinary civil cases. Even if the Estate's counterclaim addresses matters outside the rem of the Estate and even if potential class members are not a part of the Estate, under the rules just mentioned, those matters are merely collateral to the administration of the Estate and do not affect the jurisdiction of the court with regard to the particular case before it.

■ Community Hospitals next claims that the denial of its motion was inappropriate because the Estate had requested a declaratory judgment. Community Hospitals claims a declaratory judgment is inappropriate under I.C. 34–4–10–6 because it will not terminate the uncertainty or controversy giving rise to these proceedings. In support of its position, Community Hospitals .asserts that its claim against the Estate involves charges for blood and blood products and that the Estate's counterclaim involves alleged overcharges for other items for which neither the decedent nor the Estate has ever paid.

■ The use of a declaratory judgment is discretionary with the court and is usually unnecessary where another form of action provides a full and adequate remedy. *Volkswagenwerk, A.G. v. Watson* (1979), 181 Ind. App. 155, 390 N.E.2d 1082. Nonetheless, the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. T.R. 57.

Indiana Code subsection 34–4–10–4(3) allows, among other things, the use of a declaration of rights or legal relations to determine any question arising in the administration of the Estate. With its coun-

terclaim, the Estate sought a determination that the charges related to medical care must be reasonable. The decedent's insurance company has paid its share of the medical bill to Community Hospitals. To the extent the company's payment includes excessive and unreasonable charges, the Estate may be due a reduction on its share of charges, which now comprise Community Hospitals' claim against the Estate. The resolution of this issue is a matter which has arisen in the administration of the Estate and which would terminate the uncertainty or controversy which gave rise to these proceedings. Declaratory judgment proceedings therefore are not inappropriate with respect to the charges against the Estate. The trial court abused no discretion when it allowed the declaratory judgment action to proceed.

■ Further, Community Hospitals agrees that, to the extent payments received by Community Hospitals exceeded reasonable charges for services and supplies, those amounts should be returned by Community Hospitals. Here, the Estate pursued the declaratory judgment to reduce alleged excessive and unreasonable charges to reasonable amounts. In the trial court, the Estate seeks class certification for the return of excessive and unreasonable amounts which Community Hospitals received from potential members of the class. The resolution of the issue is a matter which has arisen in the administration of the Estate, through the use of rules of pleading and practice applicable in ordinary cases, as the probate code directs. Further, the resolution of the issue would terminate the uncertainty or controversy which gave rise to these proceedings. Thus, declaratory judgment proceedings are not inappropriate with respect to the charges against the proposed class. Again, the trial court abused no discretion when it allowed the declaratory judgment action to proceed.

■ Finally, Community Hospitals claims the Uniform Commercial Code, which provides for a reasonable price where the price is not settled, has no application to its claim

against the Estate. Even if the transaction were found to fall outside the Uniform Commercial Code, however, it would be governed by the common law. *See Insul–Mark Midwest, Inc. v. Modern Materials, Inc.* (1993), Ind., 612 N.E.2d 550, 554. The Estate claims the common law also provides that the party which furnishes goods or services pursuant to a contract in which the price is not fixed may charge only a reasonable price. Community Hospitals concedes that its charges must be reasonable.

 In its counterclaim, the Estate sought a declaration that the charges were "excessive, unreasonable and in violation of Indiana law." We note that a T.R. 12(B)(6) motion tests the legal sufficiency, not the factual sufficiency, of a complaint. *Burress v. Indiana Farmers Mutual Insurance Group* (1993), Ind.App., 626 N.E.2d 501, 503. The circumstances present here do not establish that the Estate would not be entitled to relief under any set of facts.

Thus, the Hancock Circuit Court had jurisdiction over the subject matter of the probate proceedings. Under the circumstances, the probate code directed the probate court to resort to the rules of pleading and practice applicable in ordinary civil cases, and the decisions of the trial court are consistent with those rules. The issues related to matters outside the rem of the Estate and to potential class members not a part of the Estate are merely collateral to the administrative proceeding and do not affect the jurisdiction of the case. Also, the trial court abused no discretion when it allowed the declaratory judgment action to proceed for the charges against the Estate and the proposed class. Finally, the circumstances do not establish that the Estate would not be entitled to relief under any set of facts. Therefore, the trial court appropriately denied the motion to dismiss for lack of jurisdiction and for failure to state a claim.

Judgment affirmed.

NAJAM, J., concurs.

GARRARD, J., concurs with separate opinion.

GARRARD, Judge, concurring in result.

I agree that the court has jurisdiction to consider the counterclaim of the estate against the hospital and therefore the motion to dismiss was properly denied. To the extent that the majority opinion may be taken to imply that the estate may thereby embark upon a class action lawsuit, I strongly disagree.

Trial Rule 23 governs the maintenance of class actions and the concerns of that rule have not yet been addressed by the court. While I do not see it as a matter of jurisdiction (since the individual plaintiff may always elect to proceed on his individual claim), I nevertheless believe that it would be wholly inappropriate for an estate or personal representative to maintain a class action as a part of the estate proceedings. Under the probate code the personal representative owes a duty to the estate (and its beneficiaries) which is supported by oath. IC 29–1–13–3 authorizes him to maintain a suit for any demand *due the decedent or his estate.* Maintenance of a class action potentially exposes the estate to expenses and delays that are inimical to its best interests and the obligations of the personal representative.

I therefore concur only in affirming the denial of the motion to dismiss.