Kendall MacLEOD, Appellant–Petitioner,

v.

In re the GUARDIANSHIP of Helen HUNTER, an Adult Incapacitated Person, Gdnship No. 64D01–9603–GU–31, and In re the Guardianship of Beatrice F. Seaholm, an Adult Incapacitated Person, Gdnship No. 64D01–9603–GU–32, Thomas Witzman and Virginia Phillips, Appellees–Co–Guardians.

No. 64A03–9607–CV–232.

Court of Appeals of Indiana.

Oct. 15, 1996.

---

**178**

Kenneth H. Lukenbill, J. Eric Davis, Stevens, Travis, Fortin & Lukenbill, Plymouth, Herbert K. Douglas, William E. Alexa, Douglas, Alexa, Koeppen & Hurley, Valparaiso, for Appellant.

Richard J. Rupcich, Glenn J. Tabor, Blachly, Tabor, Bozik & Hartman, Valparaiso, for Appellee.

1. IC 29–3–2–2 provides in relevant part: "(a) The venue for the appointment of a guardian ... is as follows: (1) If the alleged incapacitated person

**OPINION**

STATON, Judge

Kendall MacLeod ("MacLeod") appeals the trial court's denial of his motion for change of venue. The single issue MacLeod presents for review is whether Ind. Trial Rule 75 or IND.CODE § 29–3–2–2 controls venue in a guardianship proceeding.

We reverse and remand.

Thomas Witzman ("Witzman") and Virginia Phillips ("Phillips") filed for appointment as co-guardians of Helen Hunter and Beatrice F. Seaholm (collectively "wards"), alleged incompetent adults, in Porter County. MacLeod contested their appointment as guardians and filed for change of venue to Marshall County pursuant to IC 29–3–2–2 [1] since both wards reside in Marshall County. The trial court denied the motion for change of venue, finding that IC 29–3–2–2 had no application and that T.R. 75 controlled determination of proper venue. From this denial MacLeod appeals pursuant to Ind. Appellate Rule 4(B)(5).

■ Where the issue presented on appeal is a pure question of law and there are no disputed facts, we review the matter *de novo. Indiana Wholesale Wine & Liquor v. State, Ind. Alcoh. Beverage Commission,* 662 N.E.2d 950, 959 (Ind.Ct.App.1996), *trans. pending; Hobble v. Basham,* 575 N.E.2d 693, 696 (Ind.Ct.App.1991). Probate jurisdiction is separate and distinct from general jurisdiction over civil matters. *Community Hospitals of Indiana v. Estate of North,* 661 N.E.2d 1235, 1239 (Ind.Ct.App.1996), *trans. denied,* (citing *Gray v. Gray,* 221 Ind. 311, 47 N.E.2d 610 (1943)). The procedure in probate is likewise separate and distinct from the procedure for civil proceedings prescribed in the trial rules. *Id.* "It is only where the probate code does not provide an adequate and complete mode of procedure that it is proper to resort to the rules of pleading and practice applicable to civil actions." *Id.* Through IC 29–3–2–2 the probate code provides an adequate and complete mode of procedure for determining the prop-

... resides in Indiana, venue is: (A) in the county where the alleged incapacitated person or minor resides; ..."

er county of venue in a guardianship proceeding. The probate code, specifically IC 29–3–2–2, therefore controls the determination of venue in this case.

Witzman and Phillips contend that IC 29–3–2–2 conflicts with T.R. 75, so that T.R. 75(D)[2] and IND. CODE § 34–5–2–1[3] direct that IC 29–3–2–2 is to have no effect. Due to the distinction between probate and general civil jurisdiction, any conflict would be immaterial. T.R. 75 has no application to the facts of this case since the probate code provides a complete procedure for determining venue in a guardianship proceeding.

This distinction not withstanding, Witzman's and Phillips' contention that IC 29–3–2–2 conflicts with T.R. 75 also fails on its merits, as Witzman and Phillips ignore subsection (8) of T.R. 75. When interpreting a single section of a statute or rule, the words of that single section must be construed with due regard for all other sections of the statute or rule. *See Detterline v. Bonaventura*, 465 N.E.2d 215, 218 (Ind.Ct. App.1984), *trans. denied.* T.R. 75(A)(8) provides that preferred venue will lie in "the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding." T.R. 75(A)(8). Subsection (8) adopts special venue statutes into the regulatory scheme of T.R. 75. *Matter of Trust Created Under Agreement Dated September 19, 1983, By Johnson*, 469 N.E.2d 768, 772 (Ind.Ct.App.1984), *trans. denied.* "Subsection (8) retains the 'statutory' venue as an alternative venue, thereby avoiding any conflict." *Id.* (citations omitted).

Witzman and Phillips also argue that *RJR Nabisco Holdings v. Dunn*, 657 N.E.2d 1220 (Ind.1996), *reh. denied*, holds that an estate can "be filed in any county pursuant to T.R. 75(A) regardless of the legislative statute, IND.CODE § 29–1–7–1." Appellee's Brief at 6. Witzman and Phillips contend the same should be true of a guardianship, since both are probate matters and both involve the creation of a legal entity. This is an incorrect interpretation of *RJR.* In *RJR* an estate was suing a third party; the case was not a petition to open an estate. The court explained the issues in *RJR:*

> Trial Rule 75(A) provides that a case may be filed in any court in any county in Indiana. Ind. Trial Rule 75(A). However, if the initial county of filing is not a county of 'preferred venue,' as defined in the rule, the action may be transferred to a county of preferred venue under the criteria listed in Trial Rule 75(A)(1)–(9), and if there is no county of preferred venue under Trial Rule 75(A)(1)–(9), then preferred venue may be established under Trial Rule 75(A)(10) ... If there is no county of preferred venue under Trial Rule 75(A)(1)–(10), a case may be filed in any county in this State. T.R. 75(A).

*Id.* at 1222.

The parties in *RJR* agreed that none of the preferred venue provisions of paragraphs (1) through (9) applied, but disagreed as to whether paragraph (10) governed venue of a suit filed by an estate against a third party. *Id.* The court held that paragraph (10) does not apply to a legal entity, stating:

> [R]esolution of this issue only requires a reading of the plain language of Trial Rule

---

**2.** T.R. 75(D) states:

> Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective. No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction.

**3.** IC 34–5–2–1 reads:

> All statutes relating to practice and procedure in any of the courts of this state shall have, and remain in, force and effect only as herein provided. The supreme court shall have the pow-

er to adopt, amend and rescind rules of court which shall govern and control practice and procedure in all the courts of this state; such rules to be promulgated and to take effect under such rules as the supreme court shall adopt, and thereafter all laws in conflict therewith shall be of no further force or effect. The purpose of this chapter is to enable the supreme court to simplify and abbreviate the pleadings and proceedings; to expedite the decision of causes; to remedy such abuses and imperfections as may be found to exist in the practice; to abolish all unnecessary forms and technicalities in pleading and practice; and to abolish fictions and unnecessary process and proceedings.

75(A)(10) ... In using the word 'individual' in paragraph (A)(10), we connote a natural person as distinguished from an organization or other artificial person, including an estate. This meaning is reinforced by the use of the term 'reside,' a verb indicating an action or behavior of natural persons, ...

*Id.* at 1223 (footnote omitted).

*RJR* is inapplicable to the present facts for two reasons. First, the present facts do not involve a legal entity, such as an estate or guardianship, suing a third party. Rather, the present facts involve natural persons creating a legal entity, a guardianship. Second, it is not T.R. 75(A)(10), but instead T.R. 75(A)(8), which has relevance to the facts of this case. Subsection (8) does not contain either the "individual plaintiff" or "reside" language which connotes a natural person in subsection (10). *RJR* is not susceptible to the expansive reading urged by Witzman and Phillips; it holds simply that T.R. 75(A)(10) applies only to natural persons.

In conclusion, venue in this case is properly determined by IC 29–3–2–2. The probate code is complete in prescribing a mode of procedure for determining venue, thus obviating any application of the trial rules to this question. Nor do IC 29–3–2–2 and T.R. 75 conflict. Accordingly, we reverse and remand with instructions for the trial court to apply IC 29–3–2–2 in ruling on the motion for change of venue.

Reversed and remanded.

HOFFMAN and NAJAM, JJ., concur.