**In re Subpoena to CRISIS CONNECTION, INC.,**

**State of Indiana, Appellee–Plaintiff,**

v.

**Ronald Keith Fromme, Appellee–Defendant.**

**No. 19A05–0910–CR–602.**

Court of Appeals of Indiana.

Sept. 24, 2010.

Jon B. Laramore, Matthew T. Albaugh, Trina K. Taylor, Baker & Daniels LLP, Indianapolis, IN, Attorneys for Appellant Crisis Connection, Inc.

S. Anthony Long, Long & Mathies Law Firm, Boonville, IN, Attorney for Appellee Ronald Keith Fromme.

## OPINION ON REHEARING

CRONE, Judge.

Crisis Connection, Inc., a nonprofit organization that provides services to victims of domestic violence and sexual assault, petitions for rehearing in *In re Subpoena to Crisis Connection, Inc.*, 930 N.E.2d 1169 (Ind.Ct.App.2010). We grant Crisis Connection's petition for the sole purpose of clarifying our holding.

Ronald Keith Fromme has been charged with two counts of class A felony child molesting. Fromme served a subpoena *duces tecum* on Crisis Connection, seeking all records relating to the alleged victims, M.Y. and D.Y., and their mother. On February 28, 2008, Crisis Connection moved to quash the subpoena, arguing that the records sought are privileged. *See* Ind.Code § 35–37–6–9 (victim-advocate privilege).[1] The trial court ordered Crisis Connection to produce the records for an *in camera* review. The order was certified for interlocutory appeal, and we accepted jurisdiction. On appeal, we concluded that an *in camera* review properly balanced Fromme's constitutional rights with the victims' interest in privacy. *Crisis Connection*, 930 N.E.2d at 1189–90. Therefore, we affirmed the trial court's order.

On rehearing, Crisis Connection contends that our opinion did not require criminal defendants to make any threshold showing before obtaining an *in camera* review of the confidential records of a victim advocate. Crisis Connection urges us to adopt the standard endorsed by a Michigan case, *People v. Stanaway*, 446 Mich.

643, 521 N.W.2d 557 (1994), *cert. denied.* To obtain an *in camera* review of privileged records, *Stanaway* required the defendant to demonstrate "a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense." *Id.* at 574.

In our opinion, we discussed decisions from several other states addressing their own versions of the victim-advocate privilege, including *Stanaway*. We concluded that *Stanaway* and other cases allowing for *in camera* review upon a sufficient showing of need were better reasoned than those that had viewed the privilege as absolute. *Crisis Connection*, 930 N.E.2d at 1185.

Although we cited the reasoning and outcome of *Stanaway* with approval, we looked to our own decisional law to determine what standard criminal defendants should meet. In *Williams v. State*, we set out a three-step test to determine what information is discoverable in criminal cases:

> (1) there must be a sufficient designation of the items sought to be discovered (particularity); (2) the items requested must be material to the defense (relevance); and (3) if the particularity and materiality requirements are met, the trial court must grant the request unless there is a showing of "paramount interest" in non-disclosure.

*Williams*, 819 N.E.2d 381, 385 (Ind.Ct. App.2004) (quoting *In re WTHR–TV*, 693 N.E.2d 1, 6 (Ind.1998)), *trans. denied.* Fromme argued that this was the standard that he needed to meet in order to obtain an *in camera* review, whereas Crisis Con-

---

1. Crisis Connection did not confirm or deny that it provided services to M.Y., D.Y., or their mother; however, for the sake of appeal, Cri-

sis Connection operated under the assumption that it possessed records responsive to the trial court's order.

nection contended that the test applied only to non-privileged evidence.

We ultimately agreed with Fromme: "While we acknowledge that the three-step test has not always been applied to privileged information, we now conclude that it provides a useful framework for balancing the victim's interest in privacy with a defendant's constitutional rights." *Crisis Connection*, 930 N.E.2d at 1189–90. We held that defendants must meet the three-step test before obtaining an *in camera* review: "Requiring defendants to meet the three-step test before obtaining an *in camera* review creates the proper balance between a criminal defendant's constitutional rights and an alleged victim's need for privacy." *Id.* at 1190. Thus, contrary to Crisis Connection's argument on rehearing, we did require defendants to make a threshold showing before obtaining an *in camera* review.

Applying this standard to Fromme's case, we stated:

> In Fromme's case, the trial court has already found that Fromme has met the particularity and materiality criteria, and Crisis Connection has not disputed those findings. The interest in privacy asserted by Crisis Connection, while important, is not strong enough to bar an *in camera* review of its records.

*Id.*; *see also id.* at 1172 (quoting the trial court's findings). Elsewhere in the opinion, we noted that, although Crisis Connection did not challenge these findings in its briefs, it did indicate that it disagreed with the findings at oral argument. *Id.* at 1182 & n. 9. However, Crisis Connection did not elaborate on this argument. *Id.*

Crisis Connection argues that we improperly found that it conceded that Fromme met the particularity and materiality

criteria. We did not find that Crisis Connection had affirmatively ceded this point; we simply noted that it had not presented an argument as to the validity of the trial court's findings. Having been presented no basis on which to disregard the trial court's findings, we accepted them as true. *See id.* at 1172 (noting that our standard of review in discovery matters is abuse of discretion). Therefore, our opinion provides little detail as to what sort of showing would suffice to meet the particularity and materiality criteria. Crisis Connection expresses concern that this lack of detail will send the message to attorneys and trial courts "that open season has been declared on the records of victim services providers." Petition for Reh'g at 15. We disagree that our opinion sends the message that meeting the particularity and materiality requirements will be an easy task in every case; this case simply has not presented us with an occasion to expand upon those parts of the three-step test. Because discovery disputes are almost always fact-sensitive, we decline to elaborate beyond the enunciation of the appropriate standard to be applied. *See Cmty. Hosps. of Ind., Inc. v. Estate of North*, 661 N.E.2d 1235, 1239 (Ind.Ct.App. 1996) (we do not engage in "prospective and premature determination" of issues not raised in a case), *trans. denied.* Therefore, we reaffirm our decision.

BAKER, C.J., and DARDEN, J., concur.