# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 26 2019, 10:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard K. Milam
Lebanon, Indiana

ATTORNEY FOR APPELLEE

Donald W. Shelmon
Rensselaer, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Guardianship of Jennie K. Moore, Adult<br><br>Earl L. Moore,<br>*Appellant-Interested Person,*<br><br>v.<br><br>Nancy J. Pruitt (Guardian),<br>*Appellee-Petitioner.* | March 26, 2019<br><br>Court of Appeals Case No.<br>18A-GU-2804<br><br>Interlocutory Appeal from the Jasper Circuit Court<br><br>The Honorable John D. Potter, Judge<br><br>Trial Court Cause No.<br>37C01-1705-GU-491 |

**Crone, Judge.**

## Case Summary

Earl L. Moore brings this interlocutory appeal of the trial court's denial of his motion to transfer venue of the Guardianship of Jennie K. Moore ("the Guardianship") from Jasper County to Boone County. Concluding that the trial court abused its discretion in declining to transfer venue of the proceeding to Boone County, we reverse and remand with instructions to transfer.

## Facts and Procedural History

On May 30, 2017, Nancy Pruitt filed a petition to establish guardianship over the person and estate of ninety-year-old Jennie K. Moore in the Jasper Circuit Court. The petition alleged that Jennie is unable to maintain and care for her person and financial affairs due to her advanced age. The petition alleged that Jennie resides in a nursing home in Lebanon, which is in Boone County. The petition further alleged that Pruitt resides in Boone County. The petition stated that Jennie's closest blood relative is her son Earl. On the same date the petition for guardianship was filed, counsel for the Guardianship also filed a consent to guardianship and to the appointment of Pruitt as guardian of Jennie's person and estate, signed by Earl. The petition for guardianship was approved by the trial court and the Guardianship was established on June 7, 2017.

In November 2017, Earl filed an appearance as an interested person in the guardianship proceeding, and in December 2017 he filed a petition to remove Pruitt as guardian and a withdrawal of his consent to guardianship. Thereafter,

on April 3, 2018, Earl filed a motion to transfer venue of the guardianship proceeding to Jennie's county of residence, Boone County. The trial court held a hearing regarding venue on April 18, 2018, and subsequently denied Earl's motion to transfer. After numerous continuances of several other motions filed by the parties, on November 4, 2018, Earl filed a second motion to transfer venue to Boone County. Concluding that, in consenting to the guardianship petition filed in Jasper Circuit Court, Earl had consented to the Jasper Circuit Court's exercise of jurisdiction over the guardianship proceeding, the trial court denied the motion to transfer venue. This interlocutory appeal ensued.

## Discussion and Decision

[4] Earl asserts that the trial court abused its discretion in declining to transfer venue of the guardianship proceeding from Jasper County to Boone County. We agree.

[5] A trial court's order on a motion to transfer venue is an interlocutory order and is reviewed under an abuse of discretion standard. *In re Adoption of W.M.*, 55 N.E.3d 386, 387 (Ind. Ct. App. 2016), *trans. denied*. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id*. We review any factual findings on an appeal from a ruling on a motion for transfer of venue for clear error and review conclusions of law de novo. *Arkla Indus., Inc. v. Columbia St. Partners, Inc.*, 95 N.E.3d 194, 196 (Ind. Ct. App. 2018), *trans. denied*.

[6]     As a general matter, Indiana Trial Rule 75(A) governs venue requirements in Indiana. *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind. 2006). The procedure in probate, however, is separate and distinct from the procedure for civil proceedings prescribed in the trial rules. *MacLeod v. Guardianship of Hunter*, 671 N.E.2d 177, 178 (Ind. Ct. App. 1996), *trans. denied* (1997). "It is only where the probate code does not provide an adequate and complete mode of procedure that it is proper to resort to the rules of pleading and practice applicable to civil actions." *Id.* Regarding guardianship proceedings, Indiana Code Section 29-3-2-2 provides an adequate and complete mode of procedure for determining the proper county of venue. *Id.* at 178-79. Specifically, Indiana Code Section 29-3-2-2(a)(1)(A) provides that the venue for the appointment of a guardian or for protective proceedings, if the alleged incapacitated person or minor resides in Indiana, is in the county where the alleged incapacitated person or minor resides.[1]

[7]     Accordingly, here, proper venue for the guardianship proceeding is restricted to the county where Jennie resides, which is Boone County. In twice denying Earl's requests to transfer venue to Boone County, the trial court apparently confused the legal concepts of jurisdiction and venue. As this Court has recognized, jurisdiction involves a court's power to hear a particular group of cases; venue, on the other hand, connotes the proper situs for the trial of an

---

[1] Indiana Trial Rule 75(A)(8) recognizes the existence of statutes that specify a preferred venue. *MacLeod,* 671 N.E.2d at 179; *In re Trust Created Under Agreement Dated Sept. 19, 1983, By Johnson*, 469 N.E.2d 768, 772 (Ind. Ct. App. 1984), *trans. denied* (1985).

action. *Cabanaw v. Cabanaw*, 648 N.E.2d 694, 697 (Ind. Ct. App. 1995). These concepts are not interchangeable, and one cannot be used as a substitute for the other. *Id.* Relying on *In re B.J.N.*, 19 N.E.3d 765 (Ind. Ct. App. 2014), the trial court concluded that a person who consents to the appointment of the guardian in a particular court, as Earl did here, waives any objection to that court's exercise of jurisdiction over the proceeding. *Id.* at 769. However, the Jasper Circuit Court's jurisdiction over the guardianship proceeding is not at issue, and therefore *B.J.N.* is not controlling. Indeed, it is well settled that the filing of a case in a county in which venue does not properly reside does not divest the trial court of subject matter jurisdiction. *In re Adoption of L.T.*, 9 N.E.3d 172, 177 (Ind. Ct. App. 2014) (citing *State ex rel. Knowles v. Elkhart Circuit Court*, 256 Ind. 256, 258, 268 N.E.2d 79, 80 (1971)). Still, the fact that the Jasper Circuit Court has the authority to hear this case and to properly issue orders thus far has nothing to do with whether venue can and should be transferred to Boone County.

[8] Our thorough review of the record reveals that, in declining to transfer venue to Boone County, the trial court improperly focused on its jurisdiction, which, as we stated above, is not at issue. The trial court also improperly focused on the timing of Earl's request to transfer venue, with the Guardianship having seemingly convinced the court that the time for it to consider and/or reconsider the issue had long passed. To the contrary, our legislature has made clear that proper venue in a guardianship proceeding remains an important consideration by the trial court throughout the pendency of the guardianship. Indiana Code

29-3-2-2(c) instructs in relevant part that if it appears to the court "*at any time*" that: "(1) the proceeding was commenced in the wrong county; … or (4) it would be in the best interest of the incapacitated person or the minor and the property of the minor or the incapacitated person; the court may order the proceeding … transferred to another court in Indiana." (Emphasis added.) The Jasper Circuit Court has been notified that this proceeding was unquestionably commenced in the wrong county. Furthermore, because Jennie, the bulk of her assets, and Pruitt are all located in Boone County, it is patently clear that it would be in the best interest of Jennie and her property that the proceeding be transferred to Boone County.[2] In short, we can think of no reason why this case should not be transferred.

[9] Under the circumstances presented, we conclude that the trial court abused its discretion in declining to transfer venue of the guardianship proceeding to Boone County. Therefore, we reverse and remand to the trial court with instructions to "order the proceeding, together with all papers, files, and a certified copy of all orders," transferred to Boone County as provided by Indiana Code Section 29-3-2-2(c).

---

[2] We find it significant that, during a hearing conducted by the trial court, counsel for the Guardianship conceded that neither Jennie nor her property, nor Pruitt have any connection to Jasper County. He offered no explanation for why he filed the petition for guardianship in Jasper County despite the clear direction of the probate code that the proceeding be filed in Jennie's county of residence.

Reversed and remanded.

Vaidik, C.J., and Mathias, J., concur.