**Larry BENFORD, Sr., Appellant–Plaintiff,**

v.

**Jon MARVEL, in his capacity as Sheriff of Vigo County, and J. David Donahue in his capacity as Commissioner of the Indiana Department of Correction, Appellees–Defendants.**

No. 84A01–0507–CV–297.

Court of Appeals of Indiana.

Feb. 14, 2006.

proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(3).

Robert F. Hellman, Terre Haute, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee J. David Donahue.

Robert L. Wright, Jennifer R. Wrede, Wright, Shagley & Lowery, Terre Haute, IN, Attorneys for Appellee Jon Marvel.

## OPINION

KIRSCH, Chief Judge.

Larry Benford, Sr., appeals the trial court's denial of his petition for writ of habeas corpus. He raises one issue for review, which we restate as whether Benford was entitled to immediate release because he was not given a timely parole revocation hearing under IC 11–13–3–10.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 29, 1999, Benford was sentenced to three consecutive one-year terms for two theft convictions and one attempted theft conviction. On February 15, 2000, while still incarcerated, Benford was sentenced to seven years of imprisonment for dealing in cocaine; the court ordered this sentence to run consecutively to the previous three one-year terms. On September 11, 2003, Benford was released to parole on the dealing charge.

On October 6, 2004, while still on parole, the State charged Benford with three counts of Class B felony dealing in cocaine

or a narcotic drug.[1] Benford was arrested, but posted bond and was released on November 8, 2004.

Thereafter, on November 12, 2004, while Benford was free on bond, the Indiana Department of Correction ("DOC") filed a parole violation report, alleging that Benford violated his parole by virtue of the three felony dealing charges. On November 15, the Indiana Parole Board ("Board") issued a warrant for retaking offender, and Benford was jailed on the warrant on November 18.

On November 23, a preliminary parole revocation hearing was held.[2] The hearing officer determined that probable cause existed on the three felony dealing charges and recommended to the Board that Benford be held in the county jail until disposition of the pending charges. Thereafter, the Board ordered, "No action now, await local ch[arge] disp[osition]." *Supplemental App.* at 78.

On May 27, 2005, Benford filed a petition for writ of habeas corpus, asserting that (1) he had been continuously held in jail for over one hundred and ninety days without a parole revocation hearing; (2) the time within which the DOC could proceed with a parole revocation hearing under IC 11–13–3–10 had expired; and (3) he was therefore entitled to release from confinement. Following a hearing, the court denied Benford's petition. He now appeals.

## DISCUSSION AND DECISION

Habeas corpus practice is a well-established but little-used remedy under Indiana law. *Partlow v. Superintendent, Miami Corr. Facility,* 756 N.E.2d 978, 980 (Ind.Ct.App.2001). IC 34–25.5–1–1 provides that every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal. " 'The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint.' " *Partlow,* 756 N.E.2d at 980 (quoting *O'Leary v. Smith,* 219 Ind. 111, 113, 37 N.E.2d 60, 60 (1941)).

A decision regarding habeas corpus relief is reviewed for an abuse of discretion. *See Ruppen v. Ruppen,* 614 N.E.2d 577, 584 (Ind.Ct.App.1993) (grant of habeas corpus relief will be reviewed for abuse of discretion); *Henderson v. Kleinman,* 231 Ind. 657, 663, 109 N.E.2d 905, 907 (1953) ("If there is evidence to support the finding in a habeas corpus proceeding we will not disturb the judgment. . . . It is only when there has been a clear abuse of discretion by the trial court that the judgment will be set aside."). Without reweighing the evidence, this court considers only that evidence most favorable to the judgment and reasonable inferences drawn therefrom to determine whether sufficient evidence sustains the decision. *Ruppen,* 614 N.E.2d at 584.

In his petition for writ of habeas corpus, Benford claims that he should be immediately released from jail because he was not afforded a parole revocation hearing within the time provided by IC 11–13–3–10. That statute provides in relevant part:

---

1. *See* IC 35–48–4–1(a)(1).

2. IC 11–13–3–9 requires that upon arrest and confinement of a parolee for an alleged violation of a condition to remaining on parole, the DOC shall hold a preliminary hearing to determine whether there is probable cause to believe a violation of a condition has occurred. *See also* 220 IAC 1.1–2–5 ("Any person who is alleged to have violated the conditions of his or her parole shall personally appear before the parole board within sixty (60) days of the offender's availability to the department[.]").

(a) Parole revocation hearings shall be conducted as follows:

(1) A parolee who is confined due to an alleged violation of parole shall be afforded a parole revocation hearing within sixty (60) days after the parolee is made available to the department by a jail or state correctional facility, if:

    (A) there has been a final determination of any criminal charges against the parolee; or

    (B) there has been a final resolution of any other detainers filed by any other jurisdiction against the parolee.

(2) A parolee who is not confined and against whom is pending a charge of parole violation shall be afforded a parole revocation hearing within one hundred eighty (180) days after the earlier of:

    (A) the date an order was issued for the parolee's appearance at a parole revocation hearing; or

    (B) the date of the parolee's arrest on the parole violation warrant.

. . . .

(e) Unless good cause for the delay is established in the record of the proceedings, the parole revocation charge shall be dismissed if the revocation hearing is not held within the time established by subsection (a).

Here, both parties[3] agree that IC 11–13–3–10 is the controlling statute, as it establishes the time requirements within which parole revocation hearings must be held. The question before us is which subsection—(a)(1) or (a)(2)—applies to Benford. Benford argues that because he was "not confined" when the Board's parole violation warrant was issued, subsection (a)(2) governs his circumstances, and a hearing was required within 180 days of his arrest on the Board's parole violation warrant; the State, on the other hand, asserts that because Benford "is confined due to an alleged violation of parole," (a)(1) is the applicable subsection and, because the October 2004 felony dealing charges are still pending, no hearing is required yet. After careful consideration of the statute, we agree with the State.

The interpretation of a statute is a question of law reserved for the courts. *Cotton v. Ellsworth*, 788 N.E.2d 867, 869 (Ind.Ct.App.2003). Appellate courts review questions of law under a de novo standard. *Id.* Our initial inquiry is whether the statute is clear and unambiguous on its face. *Id.* If it is, we will not interpret the statute. *Id.* Instead, we hold the statute to its clear and plain meaning. *Id.* at 869–70. Construction is warranted only where a statute is susceptible to more than one interpretation. *Id.* at 870. In such cases, we must ascertain the legislative intent and interpret the statute so as to effectuate that intent. *Id.*

We find that IC 11–13–3–10(a) plainly classifies parolees into two possible categories, namely, those who are "confined due to an alleged violation of parole," and those who are "not confined." IC 11–13–3–10(a)(1), (2). The time within which the Board must hold a parole revocation hearing is dependant upon into which of those two categories a parolee fits. Specifically, those who are confined due to an alleged violation of parole are entitled to a hearing within 60 days after the parolee is made available to the DOC by a jail, if there has been a final determination of any criminal charges pending against the pa-

---

**3.** The parties to whom we refer are (1) J. David Donahue, the DOC Commissioner, who is represented by the State of Indiana, and (2) Benford. Appellee Jon Marvel, the Vigo County Sheriff, did not file a brief in this appeal.

rolee; those who are not confined are entitled to a hearing within 180 days after the parolee's arrest on the parole violation warrant. IC 11–13–3–10(a)(1)(A), (2)(B).[4] Benford, who remains in jail after being arrested in November 2004 on the Board's parole violation warrant, is, by definition, "[a] parolee who is confined due to an alleged violation of parole," and thus falls within the ambit of (a)(1). Subsection (a)(2) applies only to "a parolee who is not confined" and does not govern the situation at hand.

Benford attempts to avoid the scope of (a)(1) by offering the following interpretation of that subsection: if there has been a final determination of any criminal charges against the parolee, then the Board must provide a parolee who is confined due to an alleged violation of parole a hearing within 60 days of the date that the jail makes the parolee available. Benford continues that because there has not been a determination of the pending charges, subsection (a)(1) is inapplicable to him. Instead, Benford maintains (a)(2) controls his situation because he was "not confined" when the Board's arrest warrant was issued, and, under that subsection, he should have been given a hearing within 180 days of his arrest on that warrant.

While a plausible reading of the statute, we find it unnecessarily strained. First, it reverses the order of the language of (a)(1) because it makes "final determination of any criminal charges" a condition precedent to the application of the subsection (a)(1), when, in fact, the chosen order of the statute's terms indicate that the determining factor to application of the subsection is whether a parolee "is confined due to an alleged violation of parole." Second, Benford's reading of (a)(2) skews the relevant inquiry because it focuses on the fact

that he was not confined *when the warrant was issued.* According to its terms, subsection (a)(2) is concerned with "a parolee who *is not* confined," i.e., not presently confined, as opposed to a parolee who, at some other time, *was not* confined. Applying the plain language of the statute, we find that Benford, as "[a] parolee who is confined due to an alleged violation of parole," is within the scope of IC 11–13–3–10(a)(1).

The record before us does not indicate that the October 2004 allegations of dealing pending against Benford have been resolved. Accordingly, the time within which the Board must provide Benford a probation revocation hearing has not expired, he is not entitled to immediate release, and the trial court properly denied his petition for writ of habeas corpus.

Affirmed.

SULLIVAN, J., and DARDEN, J., concur.

---

**4.** IC 11–13–3–10(a)(1)(B) and (a)(2)(A) contain terms and conditions that are not applicable to Benford, and we do not include them in our discussion.