The **TOWN OF BRISTOL,**
Appellant–Defendant,

v.

Stephen **CAPPELLETTI,**
Appellee–Plaintiff.

No. 20A03–0901–CV–35.

Court of Appeals of Indiana.

July 9, 2009.

Glenn L. Duncan, Thorne Grodnik, LLP, Elkhart, IN, Attorney for Appellant.

Howard E. Petersen, Richard W. Rogers, Middlebury, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

The Town of Bristol ("Town") appeals from an adverse determination in an action for judicial review of the decision of the

Town Board acting as the Safety Board to discharge a police officer, Stephen Cappelletti ("Cappelletti"). The Town presents many issues for our review of which we find the following issue dispositive: whether the trial court erred in its interpretation of Indiana Code section 36–5–2–9.4(a) to require that a decision of the Safety Board must be made by a majority vote of the four elected members of the Town Council.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On January 3, 2008, at the recommendation of the Town Marshal, the Town issued a notice of disciplinary hearing to Cappelletti. Present at the hearing, in their capacity as members of the Safety Board, were the four Town Council members. At Cappelletti's request, the Town Council president, who had signed and approved the charges or notice, did not participate in the decision, but remained present at the hearing where the charges were read and evidence was presented. The hearing was adjourned until February 26, 2008, when, by a vote of two to one, the Safety Board voted to terminate Cappelletti's employment and executed written findings and conclusions in support of that decision.

Cappelletti filed a verified complaint for judicial review of the Safety Board's decision in the Elkhart Superior Court. Cappelletti then filed an Amended Complaint raising for the first time the majority vote issue. The Town filed a motion to dismiss the complaint, which was denied by the trial court. At a September 12, 2008, status conference, the trial court determined that prior to reviewing any other factual or legal issues, it would first consider whether the Town's decision to terminate Cappelletti's employment was void *ab initio* pursuant to Indiana Code section 36–5–2–9.4. After briefing of the issue by the parties, the trial court entered its order concluding that pursuant to the statute, the Safety Board was required to act by a majority of all of its elected members, and that the vote in favor of Cappelletti's termination, which was a majority of the quorum, was insufficient. Thus, the trial court determined that the decision to terminate Cappelletti's employment was void *ab initio*. The Town now appeals.

### DISCUSSION AND DECISION

■ The issue before us is whether Indiana Code section 36–5–2–9.4 requires the Safety Board to act by a majority of all of its elected members. The interpretation of a statute is a question of law for the courts and is reviewed under a *de novo* standard. *Benford v. Marvel*, 842 N.E.2d 826, 829 (Ind.Ct.App.2006). The initial inquiry is whether the statute is clear and unambiguous on its face. *Id.* If it is, we will not interpret the statute, but will hold the statute to its clear and plain meaning. *Id.*

Indiana Code section 36–5–2–9.4 applies to the actions of a town legislative body and appears in the chapter of the Indiana Code entitled "Town Legislative Body and Executive." The statute provides that an ordinance, resolution, or other action of the legislative body be passed by a majority vote means at least a majority vote of all the elected members, and that it is required that the legislative body pass by a two-thirds vote means at least a two-thirds vote of all the elected members. I.C. § 36–5–2–9.4(a), (b).

Here, however, the Town Council members also comprised the Safety Board, and it was in this capacity that they rendered their decision regarding the termination of Cappelletti's employment. Indiana Code section 36–4–9–5 provides that a board of public works and safety is established in each city. A "safety board" is defined as

"the board of public safety or board of public works and safety of a city." Ind. Code § 36–1–2–16. The powers and duties of safety boards of cities include administration of the police and fire departments of the city and the adoption of rules for the government and discipline of the police and fire departments. Ind.Code § 36–8–3–2. To be eligible to be appointed as a member of a safety board, a person must be a resident of the city. Ind.Code § 36–4–9–2. Lastly, a majority of the members of the safety board constitutes a quorum. Ind.Code § 36–8–3–3.

Based upon a review of the statutory provisions above and the clear and unambiguous language of Indiana Code section 36–5–2–9.4, we conclude that it does not apply in this situation as the Safety Board is not a legislative body, and its members, although frequently the same members as the legislative body, are appointed, not elected. The decision of a majority of the members of the Safety Board who were present and voting is sufficient to take disciplinary action against Cappelletti. Having concluded that the Safety Board's decision to terminate Cappelletti's employment was not void *ab initio*, we must remand this matter to the trial court for further proceedings on Cappelletti's complaint.

Reversed and remanded for further proceedings.

RILEY, J., and MATHIAS, J., concur.