COMMISSIONER OF LABOR on the Relation of Vincent Scialdone and Antimo Scialdone, Appellant–Plaintiff,

v.

AN ISLAND, LLC, Appellee–Defendant.

No. 49A05–1011–PL–777.

Court of Appeals of Indiana.

May 12, 2011.

Christopher K. Starkey, Indianapolis, IN, Attorney for Appellant.

James G. Tyler, Tyler Law Office, Tell City, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

The Commissioner of Labor, on the relation of Vincent and Antimo Scialdone (collectively, the "Scialdones"), filed suit under the Wage Claims Act, Ind.Code § 22–2–9–1 *et seq.*, in Marion County for unpaid wages allegedly due the Scialdones from their prior employer, An Island, LLC ("Island"). The trial court granted Island's Motion to Dismiss for improper venue and ordered the case transferred to Perry County. The Scialdones now appeal, raising only one issue: whether the trial court abused its discretion when it determined that Perry County was the only preferred venue for the case and granted Island's Motion to Dismiss.

We affirm.

### Facts and Procedural History

Island employed and later terminated the Scialdones. On September 8, 2010, the Scialdones filed suit in Marion Superior Court, seeking to recover wages they claim were due them but which Island did not pay after it terminated their employment. On November 4, 2010, Island moved to dismiss, arguing that preferred venue was in Perry County where Island is located. Without explaining its decision, the trial court granted Island's motion and ordered venue transferred to Perry County. The Scialdones now pursue this interlocutory appeal as of right pursuant to Appellate Rule 14(A)(8).

### Discussion and Decision

■ The trial court granted Island's motion to dismiss and ordered the case transferred from Marion County to Perry County, and the parties do not contend that there is any significant factual dispute. We review a trial court's order on a motion to transfer venue for an abuse of discretion. *Trustees of Purdue University v. Hagerman Const. Corp.*, 736 N.E.2d 819, 820 (Ind.Ct.App.2000), *trans. denied.* An abuse of discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances

before the court, or when the trial court has misinterpreted the law. *Id.* Where the issue presented is purely a matter of law, we review the trial court's order *de novo*. *In re Contempt of Wabash Valley Hosp., Inc.*, 827 N.E.2d 50, 55 (Ind.Ct.App.2005).

Because the parties raise questions of statutory interpretation for which we can find no clear precedent with respect to the Wage Claims Act, we apply our well-established principles for construction of a statute.

> Generally, in construing a statute we will only interpret a statute that is ambiguous. This court may not interpret the meaning of a statute that is clear and unambiguous on its face. A statute is ambiguous when it is susceptible to more than one interpretation. When a statute is ambiguous, we are compelled to ascertain and execute legislative intent and to interpret the statute in such a manner as to prevent absurdity and difficulty and prefer public convenience. In our interpretation, we must be mindful of the purpose of the statute and the effect of such an interpretation. Further, in interpreting the statute, we will read the statute as a whole, attempting to give effect to all provisions so that no section is held meaningless if it can be reconciled with the rest of the statute. The legislature's definition of a word binds us; however, when the legislature has not defined a word, we give the word its common and ordinary meaning. Further, we presume that our legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals.

*In re Estate of Inlow*, 735 N.E.2d 240, 251 (Ind.Ct.App.2000) (internal quotes and citations omitted).

Turning to the matter now before us, we start with Indiana Trial Rule 75(A), which governs determinations of venue.

> (A) Venue. Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a ... a motion to dismiss allowed by Rule 12(B)(3), the court, ... shall order the case transferred to a county or court selected by the party first properly filing such motion ... if the court determines that the county or court where the action was filed does not meet preferred venue requirements ... Preferred venue lies in: ...
>
> (8) the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding....

Ind. Trial Rule 75(A). "T.R. 75 creates no preference among these subsections and if a suit is initially filed in a county of preferred venue, a transfer of venue will not be granted." *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind.Ct.App.1999). Here, if Perry County is a preferred venue and Marion County is not, venue may be transferred to Perry County; if Marion County is also a preferred venue, however, transfer to Perry County would constitute an abuse of the trial court's discretion under Trial Rule 75.

In arguing that Marion County is also a preferred venue and that, therefore, the trial court abused its discretion when it granted Island's motion to dismiss, the Scialdones direct our attention to Indiana Code section 22–2–9–4. This statute requires the Commissioner of Labor to enforce the provisions of the Wage Claims Act and to assist employees in collecting unpaid wages where such claims are valid. I.C. § 22–2–9–4(a). It then goes on to allow the Commissioner to

> refer claims for wages under this chapter to the attorney general, and the attorney general may initiate civil actions on behalf of the claimant or may refer the claim to any attorney admitted to

the practice of law in Indiana. The provisions of IC 22–2–5–2 apply to civil actions initiated under this subsection by the attorney general or his designee. I.C. § 22–2–9–4(b).

Section 22–2–9–4(b) applies Section 22–2–5–2, part of the Wage Payments Act, to the initiation of civil wage claims actions by the Attorney General or a designee thereof. That provision permits damages for unpaid wages to "be recovered in any court having jurisdiction of a suit to recover the amount due to such employee." I.C. § 22–2–5–2.

The Scialdones argue that the jurisdictional provision of Section 22–2–5–2 creates preferred venue in any Indiana court with jurisdiction over actions for unpaid wage claims, whether those actions are brought directly by the Attorney General or by a designated private attorney. The Scialdones' contention depends upon the interaction of Section 22–2–5–2 with Trial Rule 75(A)(8), which sets forth as a preferred venue "the county where a claim in the plaintiff's complaint *may be commenced under any statute*" (emphasis added) that gives rise to a remedy. The Scialdones argue that Sections 22–2–9–4 and 22–2–5–2 give rise to a right to pursue a wage claim in any court having jurisdiction over such disputes—that is, any Indiana trial court—and thus make any trial court a preferred venue because Trial Rule 75(A)(8) designates as a preferred venue any county in which a statutory cause of action may proceed.

Island insists otherwise, pointing to this court's decision in *MacLeod v. Guardianship of Hunter,* 671 N.E.2d 177 (Ind.Ct. App.1996), *trans. denied,* which held in part that Trial Rule 75(A)(8) "adopts special venue statutes into the regulatory

scheme of T.R. 75." *Id.* at 179. The *MacLeod* court reviewed a venue transfer in a guardianship case and held that because "the probate code provides a complete procedure for determining venue in a guardianship proceeding," the venue provisions of Trial Rule 75 "had no application." *Id.* Nevertheless, clarifying the relationship between Trial Rule 75 and the probate code's venue provisions for guardianships, the *MacLeod* court stated that Trial Rule 75(A)(8) "adopts special venue statutes into the regulatory scheme of T.R. 75." Island argues that because Section 22–2–5–2 discusses "jurisdiction" rather than "venue," the statute is thus not a special venue statute as understood by *MacLeod.*

While we recognize the problematic relationship between the language of section 22–2–5–2 when taken together with Trial Rule 75(A)(8), we conclude that the trial court did not abuse its discretion when it granted Island's motion to dismiss and ordered venue transferred to Perry County. "It is the general spirit and policy of the rules governing venue to give the defendant the right to have the action tried in the county of his or her residence." *State ex rel. Ind. State Bd. of Tax Comm'rs v. Ind. Chamber of Commerce, Inc.,* 712 N.E.2d 992, 996 (Ind.Ct.App. 1999) (citing *Hollingsworth v. Key Benefit Administrators, Inc.,* 658 N.E.2d 653, 656 (Ind.Ct.App.1995), *trans. denied* ). Section 22–2–5–2 allows recovery of wage claims in any county with jurisdiction over the suit, but this is not the same as a statute designating venue in a particular county. It instead reflects the principle of Trial Rule 75 where preferred venue does not exist, which allows a plaintiff to pursue a claim in any venue in those situations where there is no preferred venue for the action.[1]

---

1. Such situations could foreseeably include a claim against an out-of-state employer with no physical presence in Indiana.

Moreover, had the legislature intended to designate venue in a particular county, it could have done so. *See, e.g.,* I.C. § 30–4–6–3(a) (establishing venue in Marion County for any "proceeding brought by the attorney general against a trustee or trust" unless that venue "would be a hardship for a trustee or trust," and otherwise setting venue for claims against trustees and trusts "in the county in which the principal place of administration of the trust is located").

Here, the Scialdones pursued their action after having had their claim designated to a private attorney by the Attorney General, rather than the Attorney General or a county prosecuting attorney pursuing the claim on behalf of the Scialdones. The Scialdones apparently do not live in Marion County, and Island is located in Perry County. Absent facts tending to establish Marion County as a preferred venue for this case, Perry County is the only preferred venue for this case under Trial Rule 75(A)(1), and thus the trial court did not abuse its discretion when it ordered the Scialdones' case dismissed from Marion County and transferred to Perry County.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.