Khawar MUNEER, Appellant,

v.

Shazi MUNEER, Appellee.

No. 32A01–1012–PO–658.

Court of Appeals of Indiana.

June 13, 2011.

---

Richard J. Thonert, Fort Wayne, IN, Attorney for Appellant.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Khawar Muneer appeals the trial court's denial of his motion to transfer venue pursuant to Indiana Trial Rule 75.

We affirm.

### ISSUE

Whether the trial court abused its discretion in denying Muneer's motion to transfer venue.

### FACTS

On October 15, 2010, Muneer's daughter, Shazi Muneer ("Shazi"), filed a petition for an order for protection against Muneer in Hendricks County Superior Court. Shazi alleged that Muneer had threatened her on three separate occasions during visits to her mother's Fort Wayne residence. In filing the petition, Shazi affirmed that she was a resident of Hendricks County. The trial court granted

Shazi's petition pursuant to an *ex parte* order for protection.

On November 5, 2010, Muneer filed a response, denying the allegations set forth in the petition. Muneer also filed a motion to transfer venue, asserting that preferred venue lies in Allen County as "[t]he allegations contained in the petition relate to events which allegedly occurred in Fort Wayne, Allen County...." (App.10).

The trial court denied Muneer's motion to transfer venue on December 8, 2010. Muneer filed a notice of appeal, and on December 29, 2010, the trial court stayed the proceedings, pending the appeal of its interlocutory order.[1]

### DECISION

Initially, we note that Shazi has not filed an appellee's brief.

In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish prima facie error. Prima facie is defined in this context as "at first sight, on first appearance, or on the face of it." The purpose of this rule is not to benefit the appellant. Rather, it is intended to relieve this court of the burden of controverting the arguments advanced for reversal where that burden rests with the appellee. Where an appellant is unable to meet that burden, we will affirm.

*State Farm Ins. v. Freeman,* 847 N.E.2d 1047, 1048 (Ind.Ct.App.2006) (internal citations omitted).

---

1. We have jurisdiction over this interlocutory appeal pursuant to Indiana Appellate Rules 5(B) and 14(A)(8). Appellate Rule 5(B) provides that "[t]he Court of Appeals shall have jurisdiction over appeals of interlocutory orders under Rule 14." Appellate Rule 14(A)(8) provides for interlocutory appeal of right from an order refusing to transfer a case under Trial Rule 75.

Muneer asserts that the trial court abused its discretion in denying his motion to transfer venue from Hendricks County to Allen County. He argues that under Indiana Trial Rule 75, Allen County is the preferred venue as it is the county where he resides and where the alleged violence occurred.

"We review a trial court's order on a motion to transfer venue for an abuse of discretion." *Comm'r of Labor v. An Island, LLC,* 948 N.E.2d 1189, 1190 (Ind. Ct.App.2011). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court, or when the trial court has misinterpreted the law. *Id.* Where, as here, the issue presented is purely a matter of law, we review the trial court's order *de novo.* *Id.*

Trial Rule 75 governs venue requirements in Indiana. It contains ten subsections, each setting forth criteria establishing "preferred" venue. A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. The rule does not create a priority among the subsections establishing preferred venue.
*American Family Ins. Co. v. Ford Motor Co.,* 857 N.E.2d 971, 973–74 (Ind.2006).

Preferred venue may lie in more than one county. *Randolph County v. Chamness,* 879 N.E.2d 555, 557 (Ind.2008). If an action is filed in a preferred venue, change of venue cannot be granted. *Id.; American Family,* 857 N.E.2d at 974 ("If the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties.").

Trial Rule 75(A) provides a number of grounds that can establish preferred venue. *American Family,* 857 N.E.2d at 977. One of the grounds establishing preferred venue is found under subsection (8), which states that preferred venue lies in "the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding[.]" T.R. 75(A)(8).

Here, Shazi filed an order for protection pursuant to Chapter 5 of Article 26, the Civil Protection Order Act (the "Act"). "An order for protection is in addition to, and not instead of, another available civil or criminal proceeding," Ind.Code § 34–26–5–6(1), and "[a]ny court of record has jurisdiction to issue a civil order for protection." I.C. § 34–26–5–4(a).

Although the Act allows that any court of record has jurisdiction over its proceedings, it also designates venue. Specifically, Indiana Code section 34–26–5–4(b) requires that a petition for an order for protection be filed in 1) the county in which the petitioner resides; 2) the county in which the respondent resides; *or* 3) the county in which the domestic or family violence occurred. The Act therefore is a special venue statute to which Trial Rule 75(A)(8) applies. *See MacLeod v. Guardianship of Hunter,* 671 N.E.2d 177, 179 (Ind.Ct.App.1996) ("Subsection (8) adopts special venue statutes into the regulatory scheme of T.R. 75."); *see also* Art. 26 (titled *Special Proceedings: Injunctions and Restraining Orders* ). *But cf. An Island, LLC,* 948 N.E.2d at 1192 (finding that Trial Rule 75(A)(8) does not apply to the Wage Claims Act, which "allows recovery of wage claims in any county with jurisdiction over the suit" but does not designate venue in a particular county). Accordingly, pursuant to Trial Rule

75(A)(8), preferred venue lies in any county where an action under the Act may be commenced.

Here, Shazi filed her petition in the county of her residence, in compliance with Indiana Code section 34–26–5–4(b). As Shazi filed her petition in a county of preferred venue, we find no abuse of discretion in denying Muneer's motion to transfer venue.

Affirmed.

RILEY, J., and BARNES, J., concur.