

**FILED**

Jun 16 2015, 8:51 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Bruce D. Huntington
Botkin & Hall, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEE

Elizabeth A. Eichholtz
Hollingsworth & Zivitz, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joan Strozewski, | June 16, 2015 |
| *Appellant-Respondent,* | Court of Appeals Case No. 29A02-1412-DR-885 |
| v. | Interlocutory Appeal from the Hamilton Circuit Court |
| James Strozewski, | The Honorable Paul A. Felix, Judge |
| *Appellee-Petitioner.* | Cause No. 29C01-1408-DR-8085 |

**Kirsch, Judge.**

[1]     In this interlocutory appeal, Joan Strozewski ("Joan") challenges the trial court's order denying her motion to transfer the case to St. Joseph County, Indiana. She raises several issues, of which we find the following dispositive: whether the trial court erred in finding that Hamilton County, Indiana, where James Strozewski ("James") filed his petition for dissolution of marriage, was a preferred venue pursuant to Indiana Trial Rule 75 and in denying Wife's motion to transfer venue.

[2]    We affirm.

## Facts and Procedural History

[3]    Joan and James married in 1970. On August 15, 2014, James filed a petition for dissolution of marriage in Hamilton County, Indiana. Both parties are lifelong residents of Indiana. Joan is a resident of St. Joseph County. At the time he filed his petition, James had lived in Hamilton County for at least three months prior to the date of filing. The parties' marital residence is located in South Bend, Indiana, which is in St. Joseph County.

[4]    On August 28, 2014, Joan filed an objection to James's petition, in which she argued that Hamilton County was not the preferred venue for the dissolution action under Indiana Trial Rule 75(A) and that the case should be transferred to St. Joseph County. After various responses, affidavits, and motions, a hearing was held to determine if Hamilton County was a county of preferred venue for the dissolution action. On December 5, 2014, the trial court issued an order denying Joan's motion to transfer the case to St. Joseph County and ordered the case to remain in Hamilton County. Joan now files this interlocutory appeal.

## Discussion and Decision

[5]    We review a trial court's order on a motion to transfer venue for an abuse of discretion. *Comm'r of Labor v. An Island, LLC*, 948 N.E.2d 1189, 1190 (Ind. Ct. App. 2011) (citing *Trs. of Purdue Univ. v. Hagerman Constr. Corp.,* 736 N.E.2d 819, 820 (Ind. Ct. App. 2000), *trans. denied*), *trans. denied.* An abuse of

discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Id.* at 1190-91. In the present case, the parties present a question of statutory interpretation. Interpretation of a statute is a question of law, which we review de novo. *Wall v. Plummer*, 13 N.E.3d 420, 422 (Ind. Ct. App. 2014). We first determine whether the statutory language is clear and unambiguous on its face. *Town of Bristol v. Cappelletti*, 908 N.E.2d 1203, 1204 (Ind. Ct. App. 2009). If it is, we will not interpret the statute, but will hold the statute to its clear and plain meaning. *Id.*

[6] When we interpret the statute, we attempt to determine and give effect to the intent of the legislature. *Id.* We determine the intent of the legislature, by reading the sections of an act together in order so that no part is rendered meaningless if it can be harmonized with the remainder of the statute. *City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007). "The best evidence of legislative intent is surely the language of the statute itself." *Prewitt v. State*, 878 N.E.2d 184, 186 (Ind. 2007). We must give all words their plain and ordinary meaning unless otherwise indicated by statute. *Id.*

[7] Joan argues that the trial court erred in denying her motion to transfer the dissolution action to St. Joseph County and in determining that Hamilton County is a county of preferred venue for the case. She contends that Hamilton County is not the county of preferred venue for this action because it does not meet the criteria set forth in Indiana Trial Rule 75(A). Instead, Joan asserts that St. Joseph is the county of preferred venue pursuant to Trial Rule 75(A) and

that the trial court was required to transfer the dissolution action to St. Joseph County, and she is entitled to costs she incurred due to James filing the action in Hamilton County.

[8] Indiana Trial Rule 75 provides that, "[a]ny case may be venued, commenced and decided in any court in any county." Ind. Trial Rule 75(A). However, if a party files a pleading or a motion to dismiss pursuant to Trial Rule 12(B)(3), the trial court shall order the case transferred to a county or court selected by the party filing such motion or pleading if the trial court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. T.R. 75(A). The trial rule lists several criteria under which preferred venue can lie. T.R. 75(A)(1)-(10). The rule does not create a priority among these subsections establishing preferred venue. *Muneer v. Muneer*, 951 N.E.2d 241, 243 (Ind. Ct. App. 2011). Preferred venue may lie in more than one county, and if an action is filed in a county of preferred venue, change of venue cannot be granted. *Id.*

[9] Trial Rule 75(A)(8) provides that preferred venue lies in "the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding[.]" Indiana Code section 31-15-2-2 establishes a cause of action for the dissolution of marriage. Additionally, Indiana Code section 31-15-2-6 requires, in pertinent part, that, at the time of the filing of the dissolution petition, at least one of the parties must have been a resident of Indiana for six months immediately

preceding the filing of the petition and at least one of the parties must have been a resident of the county where the petition is filed for at least three months immediately preceding the filing of the petition. These statutes recognize or create a special or general remedy or proceeding that form the basis for preferred venue under Trial Rule 75(A)(8). Therefore, pursuant to Trial Rule 75(A)(8), preferred venue lies in any county where a dissolution action may be commenced pursuant to Indiana Code section 31-15-2-6. Here, James met the requirements under Indiana Code section 31-15-2-6 because, at the time he filed his petition, he had resided in Indiana for at least six months and in Hamilton County for at least three months.

[10] Joan's contentions focus on special venue statutes, but the plain language of Trial Rule 75(A)(8) states that preferred venue lies in "the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding[.]" As provided above, a dissolution action is a proceeding created and recognized by statute. We, therefore, conclude that, under Trial Rule 75(A)(8), Hamilton County is a preferred venue for this dissolution action, and although preferred venue may lie in more than one county, if an action is filed in a county of preferred venue,

change of venue cannot be granted.[1]  *Muneer*, 951 N.E.2d at 243.  The trial court did not err in denying Joan's motion to transfer venue.[2]

[11]  Affirmed.


Vaidik, C.J., and Bradford, J., concur.

---

[1] As we have determined that Joan was not entitled to transfer the dissolution action to St. Joseph County pursuant to Trial Rule 75(B) as she asserts in her brief, we likewise find that she is not entitled to an order assessing costs under Trial Rule 75(B)(2) and Trial Rule 75(C).

[2] James requests appellate attorney fees pursuant to Indiana Appellate Rule 66(E), which provides that this court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees."  "Our discretion to award attorneys' fees under Ind[iana] Appellate Rule 66(E) is limited to instances when 'an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.'"  *Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 339-40 (Ind. Ct. App. 2013) (quoting *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003)).  We must use extreme restraint when exercising this power to award appellate attorney fees because of the potential chilling effect upon the exercise of the right to appeal.  *Id*. at 340.  We do not find Joan's appeal to meet the strict requirements for lack of merit required to award appellate attorney fees.  We, therefore, deny James's request.