## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 22 2015, 9:27 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEYS FOR APPELLANT

Thomas F. O'Gara
James R.A. Dawson
Taft Stettinius & Hollister LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Timothy M. Pape
Jason M. Kuchmay
Carson Boxberger LLP
Fort Wayne, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Wrecks, Inc.,

*Appellant-Garnishee Defendant,*

v.

Amy D. Martin (formerly Amy D. Maurer),

*Appellee-Plaintiff,*

and

Lawrence A. Maurer,

*Appellee-Defendant.* [1]

September 22, 2015

Court of Appeals Case No.
29A05-1505-DR-295

Appeal from the Hamilton
Superior Court

The Honorable William J. Hughes,
Judge
The Honorable William P.
Greenaway, Magistrate

Trial Court Cause No.
29D03-0608-DR-832

---

[1] Amy Martin named both Lawrence Maurer and Wrecks. Inc. as defendants in her motion for proceedings supplemental. Larry did not participate in the proceedings supplemental or in this interlocutory appeal;

**Kirsch, Judge.**

[1] Wrecks, Inc. ("Wrecks") brings this interlocutory appeal from the trial court's denial of its motion for change of venue to Boone County, Indiana. On appeal, Wrecks raises the following restated issue: whether the trial court's denial of Wrecks's motion to transfer a post-dissolution garnishment proceeding to a county of preferred venue contravenes Indiana Trial Rule 75.

[2] We affirm.

## Facts and Procedural History

[3] Lawrence A. Maurer ("Larry") and Amy D. Martin (formerly Amy D. Maurer) ("Amy") were married on February 15, 1987. On August 31, 2006, Larry filed a petition for dissolution of marriage in Hamilton County, Indiana.[2] Both parties had resided in Hamilton County for more than six consecutive months prior to the date of the filing. Three years of litigation followed; however, on January 12, 2010, the parties entered into "Agreement of Property Settlement and for Child Custody and Support" ("Settlement Agreement"). Two days later, Larry and Amy filed a verified pleading containing a written waiver of final hearing and a statement that they had reached a written agreement settling

---

however, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal. *Barnette v. U.S. Architects, LLP*, 15 N.E.3d 1, 8 (Ind. Ct. App. 2014).

[2] Notwithstanding Amy's contention that she filed the petition for dissolution, our review of the chronological case summary reveals that Maurer was the named petitioner. *Appellee's Br.* at 1; *Appellant's App.* at 1.

all issues between the parties. On January 25, 2010, the trial court approved the Settlement Agreement and incorporated and merged it into the court's Decree of Dissolution.

[4] The Settlement Agreement established Larry's and Amy's "respective rights to and interests in property, real, personal, and mixed, now owned by them separately or jointly." *Appellant's App.* at 19. Paragraph 6 of the Agreement identified business assets that Larry warranted belonged to him, including a twenty percent interest in the assets related to the sale of Wrecks. The assets of Wrecks consisted largely of Boone County real estate, which Larry stated would be "sold piecemeal." *Id*. at 22, 41. The Settlement Agreement provided: "[Amy] shall receive fifty-five percent (55%) and [Larry] shall receive forty-five percent (45%) of the net proceeds of sale and/or any asset distribution and/or any other form of distribution of value from [Larry's] twenty percent (20%) interest in Wrecks, Inc." *Id*.

[5] On February 19, 2015, Amy filed a motion for proceedings supplemental, naming both Larry and Wrecks as defendants. In it, Amy stated that, through the Decree of Dissolution, the Settlement Agreement gave her fifty-five percent of Larry's twenty percent interest in assets related to the sale of Wrecks. She maintained that Wrecks "recently sold substantial real estate that it owned," and that, despite Amy's demand, she had not received any portion of the sale proceeds. *Id*. at 9, 32, 33. Stating that she had no cause to believe "that levy of execution against Larry [would] satisfy the judgment," and noting that a Wrecks representative had denied that Larry had the interest set forth in the

judgment,[3] Amy asked that "Wrecks should be summoned to answer regarding any property of Larry's in its possession and to account to this court and Amy for that property." *Id*. at 33. Amy attached to her motion two requests for production of documents, one for Larry and the other for Wrecks. *Id*. at 34.

[6] In an order issued on March 6, 2015, the trial court granted Amy's motion for proceedings supplemental, gave Wrecks twenty-three days following receipt of the order to file a responsive pleading, and ordered Larry and Wrecks to respond to the requests for production of documents. In response to the trial court's order, Wrecks filed a motion to transfer venue pursuant to Indiana Trial Rules 12(B)(3) and 75, which the trial court summarily denied. Wrecks now appeals.[4]

## Discussion and Decision

[7] We review a trial court's order on a motion to transfer venue for an abuse of discretion. *Strozewski v. Strozewski*, 2015 WL 3751804, at *1 (Ind. Ct. App. 2015); *Comm'r of Labor v. An Island, LLC*, 948 N.E.2d 1189, 1190 (Ind. Ct. App. 2011), *trans. denied*. An abuse of discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances before the

[3] The judgment to which Amy referred was Larry's twenty percent interest in Wrecks that Larry had granted to Amy through the Settlement Agreement, which was incorporated into the Decree of Dissolution.

[4] Although Larry was named as a defendant in Amy's motion for proceedings supplemental, he did not join with Wrecks in its motion to transfer venue pursuant to Indiana Trial Rule 75. It is not clear from the record before us whether Larry complied with Amy's court-ordered request for production of documents. We note, however, that the trial court granted Wrecks's subsequent motion for a change of judge on May 4, 2015.

court, or when the trial court has misinterpreted the law. *Id.* at 1190-91. Where the issue presented is purely a matter of law, we review the trial court's order *de novo*. *An Island, LLC*, 948 N.E.2d at 1191.[5]

[8] Wrecks contends that the trial court erred in denying its motion to transfer venue pursuant to Trial Rules 12(B)(3) and 75 because Boone County, and not Hamilton County, was the preferred venue for Amy's motion for supplemental proceedings. Indiana Trial Rule 75 provides that, "[a]ny case may be venued, commenced and decided in any court in any county." Ind. Trial Rule 75(A).

> However, if a party files a pleading or a motion to dismiss pursuant to Trial Rule 12(B)(3), the trial court shall order the case transferred to a county or court selected by the party filing such motion or pleading if the trial court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.

*Strozewski,* 2015 WL 3751804, at *2 (citing T.R. 75(A)). The trial rule lists numerous criteria under which preferred venue can lie. *Id.* (citing T.R. 75(A)(1)-(10)). The rule does not create a priority among these subsections establishing preferred venue. *Id.* (citing *Muneer v. Muneer*, 951 N.E.2d 241, 243

---

[5] Wrecks asserts that our review is two-pronged with factual findings reviewed under a clearly erroneous standard and rulings of law reviewed de novo. *Reply Br.* at 3. Here, the trial court made no findings of fact; accordingly, we review the trial court's denial of Wrecks's motion to transfer venue for an abuse of discretion. *See American Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind. 2006) (explaining there is "little practical difference" between reviewing factual findings under clearly erroneous standard or in terms of abuse of discretion).

(Ind. Ct. App. 2011)). Preferred venue may lie in more than one county, and if an action is filed in a county of preferred venue, change of venue cannot be granted. *Id*. (citing *Muneer*, 951 N.E.2d at 243).

[9] Pursuant to Trial Rule 75(A)(8), "preferred venue lies in any county where a dissolution action may be commenced pursuant to Indiana Code section 31-15-2-6." *Strozewski*, 2015 WL 3751804, at *2. Indiana Code section 31-15-2-6 requires, in pertinent part, that, at the time of the filing of the dissolution petition, at least one of the parties must have been a resident of Indiana for six months immediately preceding the filing of the petition and at least one of the parties must have been a resident of the county where the petition is filed for at least three months immediately preceding the filing of the petition. Here, at the time Larry filed his petition, he had resided in Indiana for at least six months and in Hamilton County for at least six months; therefore, Hamilton County was the preferred venue for the dissolution of marriage action. While recognizing that preferred venue could also lie in Boone County, preferred venue could not be changed where, like here, the dissolution was already filed in a county of preferred venue. *Strozewski*, 2015 WL 3751804, at *2. Accordingly, if Amy's motion for proceedings supplemental arises within the dissolution action, as Amy claims, change of venue could not be granted.

[10] Presumably recognizing that the dissolution action must remain in Hamilton County as preferred venue, Wrecks asserts that it did not ask the trial court to transfer venue of the dissolution action to Boone County; instead, its Trial Rule 12(B)(3) motion "merely asked the trial court to transfer venue of the new claim

[Amy] was pursuing against Wrecks to Boone County." *Reply Br.* at 16. Wrecks maintains that, as a new defendant, in a new action, that raises new issues and a new claim against Wrecks's Boone County real estate, it had the right to transfer the case to the preferred venue of Boone County. Accordingly, Wrecks argues that the trial court erred in denying its request for transfer pursuant to Indiana Trial Rule 75(A)(2) (finding preferred venue lies in the county where the land or some part of it is located). Finding that Amy's motion for proceedings supplemental is not separate from the dissolution action, we disagree.

[11] In the Settlement Agreement, Larry warranted that he had a twenty percent interest in the sale of Wrecks and granted Amy fifty-five percent of the "net proceeds of sale and/or any asset distribution and/or any other form of distribution of value from Larry's twenty percent interest." *Appellant's App.* at 22. The Settlement Agreement was merged and incorporated into the Decree of Dissolution. Thereafter, Amy learned that Wrecks had "sold substantial real estate that it owned." *Id*. at 33. Amy alleged that, despite her demand, Larry did not pay Amy any portion of the sale proceeds. *Id*.

[12] It was only after this non-payment that Amy filed, under the dissolution cause number, her motion for proceedings supplemental against both Larry and Wrecks. *Id*. at 32-34. Contrary to Wreck's contention that this was a new action against Wrecks, Amy did not seek to establish that Larry owned a twenty-percent interest in Wrecks, nor did she seek relief directly from Wrecks as to a contested claim. *Appellant's Br*. at 8, 9. Instead, Amy requested only

that Wrecks "be summoned to answer regarding *any property of Larry*'s in its possession and to account to the Court and Amy for that property." *Id*. at 33 (emphasis added). The evidence of Amy's claim arose solely from the Settlement Agreement. Here, Amy's motion for proceedings supplemental was not a separate action, but instead, arose from the dissolution action—an action already filed in a preferred venue. The trial court, having no power to change preferred venue in the dissolution action, did not err in denying Wrecks's motion for a change of preferred venue pursuant to Trial Rule 75.

[13] Affirmed.

Najam, J., and Barnes, J., concur.