

FILED

Sep 28 2023, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

C. Matthew Zentz
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Adoption of E.S.J. (Minor Child) | September 28, 2023 |
| H.M.B. and J.T.J., | Court of Appeals Case No. 23A-AD-1161 |
| *Appellants-Petitioners,* | Interlocutory Appeal from the Marion Superior Court |
| v. | The Honorable Ryan Gardner, Judge |
| B.J., | Trial Court Cause No. 49D10-2304-AD-16045 |
| *Appellee-Respondent* | |

**Opinion by Judge Crone**
Judges Brown and Felix concur.

**Crone, Judge.**

## Case Summary

[1]     H.M.B. (Mother) and J.T.J. (Stepfather) (collectively Appellants) bring this interlocutory appeal of the trial court's order granting the petition to transfer

venue filed by B.J. (Father). Appellants argue that the trial court abused its discretion in granting transfer. We agree and therefore reverse.

## Facts and Procedural History

On April 19, 2023, Appellants filed a verified petition for Stepfather's adoption of E.S.J. (Child), a minor under the age of eighteen, in Marion County, where Appellants' attorney maintains an office. Appellants and Child reside in Johnson County. In their adoption petition, Appellants alleged that Father's consent to the adoption was not necessary under Indiana Code Section 31-19-9-8(a) because Father had abandoned or deserted Child for at least six months immediately preceding the date of the filing of the adoption petition and because Father had, without just cause, failed to have any meaningful communication with and provide support for Child for more than one year.

On April 26, 2023, Father filed a verified objection to adoption. On May 10, 2023, Father filed a petition to transfer venue to Johnson County. Father alleged that Appellants filed a petition for Stepfather's adoption of Child in Johnson County on October 11, 2021, that the trial court ruled Father's consent was necessary, and that the Court of Appeals affirmed the trial court's ruling on December 1, 2022.[1] Father also alleged that Appellants were forum shopping, that Marion County is not a preferred venue, that E.S.J. and Mother reside in

---

[1] The Johnson County adoption was filed under cause number 41D01-2110-AD-83. This Court's decision affirming the trial court's ruling is *In re Adoption of E.S.J.*, No. 22A-AD-1033, 2022 WL 17347889, at *7 (Ind. Ct. App. Dec. 1, 2022).

Johnson County, and that, pursuant to Indiana Trial Rule 75(A), the preferred venue is Johnson County.

[4] On May 16, 2023, the trial court issued its order granting transfer. This appeal ensued.

## Discussion and Decision

[5] "We review a trial court's order on a motion to transfer venue for an abuse of discretion." *Muneer v. Muneer*, 951 N.E.2d 241, 243 (Ind. Ct. App. 2011) (quoting *Comm'r of Labor v. An Island, LLC*, 948 N.E.2d 1189, 1190 (Ind. Ct. App. 2011), *trans. denied*). The trial court abuses its discretion when its "decision is clearly against the logic and effect of the facts and circumstances before [it], or when [it] has misinterpreted the law." *Id*.

[6] Here, Father did not file an appellee's brief, and, in such a case, we "need not develop an argument for [Father] but instead will reverse the trial court's judgment if [Appellants'] brief presents a case of prima facie error." *In re Adoption of E.B.*, 163 N.E.3d 931, 935 (Ind. Ct. App. 2021) (citation and quotation marks omitted). Prima facie error means "at first sight, on first appearance, or on the face of it." *Jenkins v. Jenkins*, 17 N.E.3d 350, 352 (Ind. Ct. App. 2014). "Still, we are obligated to correctly apply the law to the facts in the record to determine whether reversal is required." *Id*.

[7] Appellants assert that Marion County is a preferred venue pursuant to Indiana Trial Rule 75(A) and Indiana Code Section 31-19-2-2, and therefore the trial court abused its discretion by transferring the case. "Interpretation of our trial

rules is a question of law that we review de novo." *Morrison v. Vasquez*, 124 N.E.3d 1217, 1219 (Ind. 2019). "Our objective in construing their meaning is to give effect to the intent underlying the rule." *In re Paternity of V.A.*, 10 N.E.3d 61, 63 (Ind. Ct. App. 2014). Questions of statutory interpretation are also questions of law that we review de novo. *Strozewski v. Strozewski*, 36 N.E.3d 497, 499 (Ind. Ct. App. 2015). "When we interpret the statute, we attempt to determine and give effect to the intent of the legislature." *Id*. "We first determine whether the statutory language is clear and unambiguous on its face." *Id*. "If it is, we will not interpret the statute, but will hold the statute to its clear and plain meaning." *Id*.

[8]    Indiana Trial Rule 75(A) governs venue and specifies,

> [U]pon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the [trial] court … shall order the case transferred to a county … selected by the party first properly filing such motion or pleadings if the court determines that the county … where the action was filed does not meet preferred venue requirements [and the] county selected has preferred venue[.]

Rule 75(A) then lists ten categories that are considered preferred venue. Trial Rule 75(A) "does not create a priority among [the categories] establishing preferred venue." *Strozewski*, 36 N.E.3d at 500. "Preferred venue may lie in more than one county, and if an action is filed in a county of preferred venue, change of venue cannot be granted." *Id*. One category of preferred venue is "the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding."  Ind.

Trial Rule 75(A)(8). We have held that "Subsection (8) adopts special venue statutes into the regulatory scheme of T.R. 75." *MacLeod v. Guardianship of Hunter*, 671 N.E.2d 177, 179 (Ind. Ct. App. 1996), *trans. denied* (1997). "Subsection (8) retains the 'statutory' venue as an alternative venue, thereby avoiding any conflict." *Id.* (quoting *In re Trust of Johnson*, 469 N.E.2d 768, 772 (Ind. Ct. App. 1984), *trans. denied* (1985)).

[9]     Adoption proceedings are governed by Indiana Code Article 31-19. With regard to filing an adoption petition, Indiana Code Section 31-19-2-2 provides as follows:

> (a) Except as provided in subsection (b),[2] an individual who seeks to adopt a child less than eighteen (18) years of age *must,* by attorney of record, file a petition for adoption with the clerk of the court having probate jurisdiction in the county in which:
>
>> (1) the petitioner for adoption resides;
>>
>> (2) a licensed child placing agency or governmental agency having custody of the child is located;
>>
>> (3) *the attorney maintains an office*; or
>>
>> (4) the child resides.

---

[2] Subsection (b) permits the filing of an adoption petition in any court having probate jurisdiction if either the written consent from each individual whose consent is required or a certified order terminating the parental rights of each parent is filed with the adoption petition.

….

> (c) The county in which the petition for adoption may be filed is a matter of venue and not jurisdiction.

(Emphases added).[3]

Appellants contend that Section 31-19-2-2 is a special venue statute to which Trial Rule 75(A)(8) applies and therefore establishes preferred venue in an adoption proceeding. In support, they cite *Muneer*, 951 N.E.2d 241. That case involved the filing of a petition for a protective order under Indiana Code Section 34-26-5-4(b). The petitioner filed her petition in her county of residence, and the trial court denied the respondent's petition to transfer venue. In affirming the trial court's denial, the *Muneer* court concluded,

> Indiana Code section 34-26-5-4(b) requires that a petition for an order for protection be filed in 1) the county in which the petitioner resides; 2) the county in which the respondent resides; or 3) the county in which the domestic or family violence occurred. The Act therefore is a special venue statute to which Trial Rule 75(A)(8) applies. Accordingly, pursuant to Trial Rule 75(A)(8), preferred venue lies in any county where an action under the Act may be commenced.

951 N.E.2d at 243-44 (citations omitted).

---

[3] In 2021, the legislature made an intentional policy decision to amend the statute to include the county where the petitioner's attorney maintains an office. Ind. Pub. Law 203-2021 § 3 (eff. July 1, 2021).

Here, like the statute at issue in *Muneer*, Section 31-19-2-2 dictates where an adoption petition is to be filed. We conclude that Section 31-19-2-2 is a special venue statute to which Trial Rule 75(A)(8) applies.[4] Thus, preferred venue lies in any county where the petition is to be filed under Section 31-19-2-2. Appellants filed their adoption petition in the county where their attorney maintains an office in compliance with Section 31-19-2-2. As that is a county of preferred venue pursuant to Trial Rule 75(A)(8), change of venue may not be granted. We conclude that Appellants have made a prima facie showing that the trial court abused its discretion in granting Father's petition to transfer venue. Therefore, we reverse.

Reversed.

Brown, J., and Felix, J., concur.

---

[4] We note that in *In re Adoption of Z.D.*, 878 N.E.2d 495, 497 (Ind. Ct. App. 2007), the court found that "[S]ection 31-19-2-2 describes where venue is proper for adoption petition proceedings, but does not provide where venue is preferred." *In re Adoption of W.M.*, 55 N.E.3d 386, 388-89 (Ind. Ct. App. 2016), *trans. denied*, relied on *Z.D.* to conclude that filing in a venue listed in Section 31-19-2-2 did not convey exclusive jurisdiction to that court. However, these cases involved jurisdictional disputes and vastly different factual circumstances than those here, were issued before Section 31-19-2-2 was amended to provide that an adoption petition "must" be filed in the locations listed, and did not discuss Trial Rule 75(A)(8).