

**FILED**

May 26 2016, 9:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Donald W. Francis, Jr.
Michelle B. Domer
Francis Berry & Domer
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
David E. Corey
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Adoption of
W.M. (Minor Child)

D.M. and J.M.,

*Appellants-Respondents,*

v.

F.F., M.F., and The Indiana
Department of Child Services,

*Appellee-Petitioner*

May 26, 2016

Court of Appeals Case No.
28A01-1601-AD-56

Appeal from the Greene Circuit
Court

The Honorable Erik Allen, Judge

Trial Court Cause No.
28C01-1508-AD-25

**Baker, Judge.**

[1] J.M. (Grandfather) and D.M. (Grandmother) (collectively, Grandparents) appeal the order of the Greene Circuit Court transferring their adoption petition to the Monroe Circuit Court. Finding no error, we affirm.

## Facts

[2] W.M. (Child) was born on December 14, 2013, and was shortly thereafter alleged to be a child in need of services (CHINS) in a case filed in Monroe Circuit Court by the Indiana Department of Child Services (DCS).[1] Child was placed with Grandparents, who live in Greene County and were caring for Child's older sister. Child was adjudicated to be a CHINS on February 3, 2014.

[3] In December 2013, when DCS was determining where to place Child, Grandfather tested positive for marijuana use. DCS went ahead with the placement, but he and Grandmother agreed with DCS "to be drug tested at least once per month. If there is a positive screen in the future, [Child] will immediately be removed from their home." Appellee's App. p. 41.

[4] In March 2015, DCS received a report indicating that Grandparents were using methamphetamine. A drug screen showed that Grandmother was using methamphetamine, but Grandfather's screen was negative. As a result of Grandmother's positive screen, Child was removed from Grandparent's home, and the Monroe Circuit Court authorized placement of Child with her Aunt

---

[1] The record before us does not include the circumstances surrounding the CHINS case.

M.F. and Uncle F.F. (Aunt and Uncle), who were caring for two other siblings of Child.

[5] On June 19, 2015, Grandparents petitioned the Monroe Circuit Court, seeking intervention in the CHINS case and requesting that Child be returned to their care. Before the Monroe Circuit Court had the opportunity to rule on this motion, Grandparents filed an adoption petition regarding Child in Greene Circuit Court. The Greene Circuit Court set a hearing for September 28, 2015. Before this hearing, however, on September 21, 2015, the Monroe Circuit Court granted Grandparents' motion to intervene in the CHINS case. On September 24, 2015, Aunt and Uncle filed an adoption petition in the Monroe Circuit Court. Grandparents filed a motion to dismiss Aunt and Uncle's petition pursuant to Indiana Trial Rule 12(B)(8), alleging that the same action was pending in another Indiana court, but that motion was denied.

[6] On November 4, 2015, the Greene Circuit Court held a hearing to determine whether DCS would consent to the Grandparents' proposed adoption. On December 3, 2015, Aunt and Uncle sought to intervene in the Greene County adoption case, and moved to have the case transferred to the Monroe Circuit Court. DCS filed a motion requesting the same on December 9, 2015.

[7] The following day, the Greene Circuit Court issued an order granting Aunt and Uncle's motion, and transferred the case to the Monroe Circuit Court. Its order explained that it had consulted with the Monroe Circuit Court. Because there were multiple cases relating to Child in Monroe County—including the CHINS

case, a termination of parental rights case, and the Aunt and Uncle's adoption case—both Judges concluded that the Monroe Circuit Court would be the preferred venue. Grandparents now appeal.

## Discussion and Decision

"A trial court's order on a motion to transfer venue under T.R. 75(A) is an interlocutory order and is reviewed under an abuse of discretion standard." *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind. Ct. App. 1999). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id.*

Grandparents have one argument on appeal: "[e]xclusive jurisdiction over the adoption proceeding pertaining to [Child] lies with the Greene Circuit Court." Appellant's Br. p. 3. They argue that, because they filed an adoption petition in Greene County before Aunt and Uncle filed an adoption petition in Monroe County, it was impermissible for the Greene Circuit Court to transfer the case to the Monroe Circuit Court.

We must be mindful of our Supreme Court's advice "that the term 'jurisdiction' should not be used too broadly." *In re Custody of M.B.*, No. 65S04–1604–MI–00180, 2016 WL 1436553, at *2 (Ind. Apr. 12, 2016). There are two types of jurisdiction: "subjection matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs"; and "personal jurisdiction requires that appropriate process be effected over the

parties." *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006). Indiana courts have such jurisdiction as is granted to them by the State constitution and statutes. *Benham v. State*, 637 N.E.2d 133, 136 (Ind. 1994).

[11]     Indiana Code section 31-19-2-2 lists where adoption petitions may be filed:

> (a) A resident of Indiana who seeks to adopt a child less than eighteen (18) years of age may, by attorney of record, file a petition for adoption with the clerk of the court having probate jurisdiction in the county in which:
>
>> (1) the petitioner for adoption resides;
>>
>> (2) a licensed child placing agency or government agency having custody of the child is located; or
>>
>> (3) the child resides.
>
> (b) The county in which the adoption may be filed is a matter of venue and not jurisdiction.

It is clear that Grandparents were allowed to file their adoption petition in Greene County, under Indiana Code section 31-19-2-2(a)(1), as that is their county of residence. But Aunt and Uncle were also allowed to file their adoption petition in Monroe County, under Indiana Code section 31-19-2-2(a)(2), as that is where Child's wardship was located. Thus, both courts have "jurisdiction," as either can hear adoption cases. The question becomes whether, as Grandparents contend, the Monroe Circuit Court was divested of

jurisdiction when Grandparents filed their adoption petition in the Greene Circuit Court.

[12] Grandparents' argument that the Greene Circuit Court had "exclusive jurisdiction" is foreclosed by our decision in *In re Adoption of Z.D.*, 878 N.E.2d 495 (Ind. Ct. App. 2007). There, a grandparent filed an adoption petition, and foster parents subsequently filed an adoption petition in another county. *Id.* at 496. The grandparent "argue[d] that the Benton Circuit Court had exclusive jurisdiction over Z.D.'s adoption because her petition was filed before the foster parent's petition in Tippecanoe Circuit Court." *Id.* We decided, however, that "we cannot conclude that the Tippecanoe Circuit Court was required to divest itself of jurisdiction . . . because [grandparent's] petition to adopt Z.D. was pending in Benton County." *Id.* at 497.

[13] Since the first adoption petition did not create "exclusive jurisdiction," we went on to decide the case based on preferred venue:

> Indiana Trial Rule 75(A) contains ten subsections, each setting forth criteria establishing "preferred" venue. None of these subsections precisely addresses the circumstances presented in this case. Yet, pursuant to Rule 75(A)(1), preferred venue lies in "the county where the greater percentage of individual defendants included in the complaint resides[.]" Although there are no "defendants" named in a petition for adoption, both Z.D. and the [Tippecanoe County Department of Family and Children] are located in Tippecanoe County. Moreover, the CHINS and termination of parental rights proceedings occurred in Tippecanoe Superior Court. All legal proceedings concerning the care and custody of Z.D. have taken place in Tippecanoe County.

*Id.*

For precisely the same rationale, the Monroe Circuit Court was the preferred venue in this case. All of the following are pending in that court: (i) Child's CHINS case; (ii) a termination of parental rights case; and (iii) Aunt and Uncle's adoption petition. Moreover, Grandparents successfully intervened in the CHINS case before the Monroe Circuit Court.

Grandparents' attempt to distinguish *Z.D.* by pointing out what we described as "the unique circumstances of [that] case . . . ." *Id.* We were referring to the fact that the grandparent had never received notice that the foster parents had filed an adoption petition in a different county, and she therefore did not have an opportunity to attend or contest the proceedings. *Id.* The Tippecanoe Circuit Court granted the foster parents' adoption petition, which the grandparent only discovered when she showed up to a Benton Circuit Court hearing, where the Tippecanoe County Department of Family and Children told her that the child had already been adopted. *Id.* at 496.

Therefore, when deciding to affirm, part of our analysis stressed "the State's 'strong interest in providing [a] stable home [ ]' for Z.D." *Id.* at 497 (quoting *In re Adoption of J.B.S.*, 843 N.E.2d 975, 977 (Ind. Ct. App. 2006)). Grandparents argue that this concern is not present in this case, as Child has not yet been adopted by either contender.

We believe that these distinctions counsel just as strongly in favor of affirming in this case. Unlike the grandparent in *Z.D.*, Grandparents have notice that

there is a competing adoption petition. Further, Grandparents have successfully intervened in the Monroe County CHINS case, and their adoption petition has been transferred to Monroe Circuit Court where they will be able to argue that their petition should be granted and that Aunt and Uncle's petition should be denied.

[18] In essence, Grandparents are asking us to reverse the trial court for proactively and correctly solving the issue that arose in the *Z.D.* case.[2] We decline to do so.

[19] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.

---

[2] We would also like to take the opportunity to thank and commend the Greene Circuit Court and the Monroe Circuit Court for communicating and working together to promote judicial economy and efficiency.